Note. — Vide the case of Cherry v. Slade’s Adm’r. 3 Murph. 82, in which the Chief-,lu.,tice maltes an abb r. view of all the cases apon this subject, and from which he deduces four rules relative to boundary. 1st. Th-,t whenever a natural boundary is called for, in a patent or deed, the line is to terminate at it, however wide of the couise called for, it may be ; or however short or beyond the distance specified. 2d. Whenever it can be proved that there was a line actually run by the survey or, was marked and a corner made, the party claiming under the patent or deed, shall hold accordingly, notwithstanding a mistaken descript on of the land in the patent or deed. 3d. Where the tines or courses of an adjoining tract are called for in a deed or patent, the lines shall be extended- to them, without regard to distance, provided those lines and courses be sufficiently established, and no other departure be permitted from the words of the patent or deed, than such as necessity enforces, or a true construction renders necessary. 4th. Where there are no natural boundaries called for, no marked trees or corners to be found, nor the places where they once st md ascertained and identified by evidence: or where no lines or courses of an adjacent tract are called for ; in all such cases, we are of necessity, confined to the courses and distances described in the patent or deed Vide also, Reddick and Wife v. Leggat, 3 Murph. 539. Orbison v. Morrison, Ibid. 551. Campbell v. McArthur, 2 Hawks, 33. Slade v. Green, Ibid. 218. Tatum v. Sawyer, Ibid. 296. Fruit v. Brower, Ibid. 337. Haughton & Slade v. Ruscoe & Gray, 3 Hawks, 21. McNiell v Massey, Ibid. 91. Tatum & Baxter v, Paine & Sawyer, 4 Hawks, 64.