FLORENCE TUCKER v. J. H. SATTERTHWAITE.

(Decided June 9, 1900.)

*Survey—Location of Disputed Line.*

Decision in this cause, reported in 123 N. C., 511, reaffirmed.

PETITION TO REHEAR dismissed.

*Messrs. Jarvis & Blow,* and *A. C. Avery,* for petitioner.
*Messrs. W. B. Rodman,* and *Ernest Haywood, contra.*

MONTGOMERY, J.  This case was before us at September Term, 1898 (123 N. C., 511), and it received a most careful consideration on the part of the Court, and at the conclusion, while the judgment of the Court below was affirmed, there was a division of the Court, two members dissenting.  After another argument, with full briefs on both sides, upon the rehearing we have reconsidered the proposition of law before us at that time, with the earnest purpose to rectify any mistake or error under which we may have then labored, if such error should be pointed out to us, and our convictions and opinions are not changed.  It will be seen from a reading of the opinion of the Court heretofore delivered, and from the dissenting opinion already referred to, that the sole question in the case depends upon the location of the northern boundary line of the Smith grant.  The admissions of counsel on both sides, their arguments and their briefs are an acknowledgment that that was the sole point in the case.  It was agreed on all hands that the starting point of the Smith grant was represented by the letter A on the map.  The stations B, C, D, E, F, were all admitted and acknowledged stations.  The trouble begins from the call from F station.

That call is in these words (from F), "west 290 poles into John Jordan's line." 290 poles west from F station does not reach John Jordan's line, but 299 poles will reach John Jordan's line, and to that line the call must go. *Bradford v. Hill,* 2 N. C., 30; *Cherry v. Slade,* 7 N. C., 82; *Mortgage Co. v. Long,* 113 N. C., 123. The defendant contends, however, that the northern boundary line of the Smith grant was through mistake inserted in the grant as running west 290 poles, and that it ought to be changed so as to run north 74 west 420 poles, and that there was evidence to that effect which his Honor should have submitted to the jury. The only evidence in the case on that point was that of a surveyor, Taylor, that he had seen at the end of the line, contended for by the defendant, two old trees marked as pointers. That evidence was not sufficient to go to the jury on the point. If a line of marked trees, marked at the time of the original survey of the Smith grant, had been found along the line contended for by the defendant, although not called for in the grant, that would have been sufficient evidence to go to the jury to have the mistake in the course of the grant corrected and explained; or, if there had been evidence that the trees marked at the end of the line contended for by the defendant showed signs of having been marked, contemporaneously with the original survey, and had been recognized as a corner or point of the Smith grant, such evidence would have been competent for the same purpose. *Graybeal v. Powers,* 76 N. C., 66; *Reed v. Schenck,* 14 N. C., 65; *Cherry v. Slade, supra; Baxter v. Wilson,* 95 N. C., 137; *Davidson v. Schuler,* 119 N. C., 582. If there had been a natural object, known or admitted, at the end of the line from station F on the map to the Jordan line, then no parol evidence could have changed that line.

The defendant's counsel again insists that the line which

he contends for, from station F to the Jordan line, can be proved to be the true line by a reversal of the Smith grant from the acknowledged starting point A northward. Such a reversal can not be made in this case for the reasons, first, that from station A no surveyor could hit the next point northward, for no such point has been identified or admitted, and the call from the next to the last station, in the natural order of the survey, "is *to the beginning*" without any intimation of course or distance; and second, because, as we have seen, there is no evidence in the case fit to be submitted to the jury tending to show any uncertainty or mistake in the line from F west 290 poles to the Jordan line.

It is not essential to the decision of this case, but the writer of this opinion thinks that a prior or previous line, like the one in this case from F west 290 poles to the Jordan line, could be under proper evidence, altered and controlled by a line running in reversal from A northward, if it had been shown by competent proof that the call from F west 290 poles to the Jordan line was an uncertain line, and was made through mistake, and that the reverse line would show the true line from F to the Jordan line with greater certainty than the one as it now stands in the grant. *Harry v. Graham,* 18 N. C., 76; *Norwood v. Crawford,* 114 N. C., 513; *Graybeal v. Powers, supra.*

Petition dismissed.

CLARK and DOUGLAS, JJ., dissent.