We are of opinion that there was error in refusing to instruct the jury, as prayed by the defendant's counsel, that they were at liberty to disregard the distance called for in the first line of the deed *Page 214 
of the lessors of the plaintiff to John Sowell, and to extend that line to the pine, the terminus called for in the deed of Jacob McLindon to Isaac Sowell. In the case of Campbell v. McArthur, 2 Hawks, 33, it was recognized as a settled principle that a mistake in the course or distance of a deed shall not be permitted to disappoint the intent of the parties, if that intent appears, and if the means of correcting the mistake are furnished either by a more certain description in the same deed, or by reference to another deed containing a more certain description. This principle we think applicable to the present case. In the deduction of title to the lessors of the plaintiff for the land in dispute, the plaintiff had exhibited a deed of bargain and sale from Jacob McLindon to Isaac Sowell, dated 7 January, 1772, in which the tract conveyed is thus described: "300 acres of land lying on a branch of McLindon's creek called Black creek, beginning at a maple on the south side of McLindon's creek, and runs south 55 degrees, west 240 poles up to a pine in the lower line of Jacob McLindon's land on the said creek, thence north 35 degrees, west 200 poles crossing the said creek with the said Jacob's line to a pine, thence north 55 degrees, east 240 poles, down to a red oak, thence south 35 degrees, east 200 poles, crossing the said creek at the mouth of a branch to the first station." The defendant then offered in evidence a deed from the lessors themselves to John Sowell, conveying, as the defendant alleged, (270) this very tract to the said John. This deed, dated 23 March, 1791, describes the land as "lying and being on both sides of McLindon's creek, beginning at a maple by a branch running thence south 55 degrees, west 240 poles, thence north 35 degrees, west 200 poles, thence north 55 degrees, east 240 poles, thence south 35 degrees, east 200 poles, to the beginning, containing three hundred acres sold by Jacob McLindon to Isaac Sowell." So far as the description goes in this deed it corresponds with that in the former. There is the same beginning — the same courses and distances — and the same quantity of acres in both — and the only difference between the two descriptions is that the former is more circumstantial in pointing out where the termini are to be found of the lines described by course and distance.
The lessors of the plaintiff exhibited no evidence of any other sale
from Jacob McLindon to Isaac Sowell than the sale evidenced by the deed of McLindon. It was therefore to this sale as authenticated by this deed that the reference was made in their deed, and the very purpose of the reference would seem to be to ascertain with more particularity what it was apprehended might not have been otherwise sufficiently described. They therefore declare their intent to convey unto John Sowell the same land which Jacob McLindon sold to Isaac Sowell. If, therefore, in the description of this land thus conveyed there be found any inaccuracy or deficiency, that inaccuracy is corrected and that deficiency supplied the *Page 215 
moment we ascertain the true boundaries of Isaac Sowell's purchase, and these appear upon the face of McLindon's deed.
The judgment is reversed and the cause must be sent back for another trial.
PER CURIAM. Judgment reversed.
Cited: Everett v. Thomas, 23 N.C. 256; Cooper v. White, 46 N.C. 392;Henley v. Wilson, 81 N.C. 408; McAlister v. Holton, 51 N.C. 333.
Dist.: Kissam v. Gaylord, 44 N.C. 119.
(271)