The locus in quo was a portion of the lots designated in the plan of the town of Plymouth, as Nos. 154 and 155, and is represented in the diagram below, by the triangle, 3, 4, 0. The plaintiff offered in evidence a deed to himself for said lots 154 and 155, and also for lot 123 adjoining on the south; and likewise introduced the deed made by him to the defendant, conveying "two lots of ground in the town of Plymouth, on the south side of Water Street, known as the Winchell lots, numbered in the plan of said town as the upper parts of 154 and 155, upon which is located two storehouses, outhouses and kitchen — the grounds beginning at lot No. 153, thence along Water Street, up the said street to the corner of Jefferson Street; thence up Jefferson Street two hundred feet; thence to the southwest corner of lot No. 153; thence along lot 153 to Water Street, the first station.
It was in evidence that after the sale to the defendant the plaintiff continued to use a small cowpen on the disputed ground for a cow, which opened by a gate into the contiguous street. The trespass complained of was the erection of a stable on a part of the ground in dispute, but whether on any part of the ground covered by the cowpen did not appear.
[EDITORS' NOTE: THE DIAGRAM IS ELECTRONICALLY NON-TRANSFERRABLE.], SEE 44 N.C. 122.]
It was also in evidence, that the lots 154 and 155 were called and known as upper parts of 154 and 155 (the other or lower parts thereof being on the opposite side of Water Street on the margin of the river), *Page 123 
and that they were also generally known as the "Winchell Lots." And it was admitted by both parties, that the southern limit of these upper parts extended to the stable of the defendant, and covered the locus in quo, but stopping short of that limit, at the termination of 200 feet, called for in the deed, and thence running eastwardly to the corner of the lots, would leave the defendant a trespasser.
The plaintiff contended, that defendant should stop at the (118) termination of the 200 feet; the defendant, that the general description of the land sold as the upper parts of lots 154 and 155, and as the Winchell lots, would cover the whole; and of this opinion was his Honor, and the jury being instructed to that effect, returned a verdict for the defendant, on which judgment having been rendered, the plaintiff appealed.
The only question was as to the construction of the deed from the plaintiff to the defendant. If the deed stops at the end of the distance (200 feet) called for in the second line, and runs thence to the southwest corner of lot 153, the locus in quo is not covered by the deed, and the plaintiff is not entitled to recover. If the second line is to be extended beyond the distance, to the corner of lot 123, and runs thence to the southwest corner of lot 153, the locus in quo is covered by the deed, and the plaintiff is not entitled to recover. His Honor was of opinion that the line ought to be extended, and to this the plaintiff excepts.
There is error. Distance must govern unless there is some other description, less liable to mistake, to control it. So the only question is, what is there in this case to control the distance? It is said the general description, two lots, known as the Winchell lots, and (119) numbered as the upper part of lots 154 and 155, upon which are located two store-houses, out-houses and a kitchen, shows that the deed was not to stop until it reached the corner of the Winchell lot, although the distance does give out a few feet before reaching the corner; and that it could not have been the intention to clip off a little triangle. We were at first inclined to take this view of the question upon the authority ofRitter v. Barrett, 20 N.C. 266. But upon further consideration, we are satisfied that the case of Ritter v. Barrett is not in point, and that there is nothing to control the distance.
If the deed had stopped after the general description above set out, it would have covered all of the upper part of lots 154 and 155; or, *Page 124 
if a line from the end of the distance to the southwest corner of lot 153 would cut off one of the store-houses or the kitchen, that would show there was some mistake in regard to the distance, because, as to the intention to include both store-houses and the kitchen, there could be no mistake. But such is not the fact; and after the general description, the deed proceeds to give a particular and definite description calling for "corners" — whence a corner is to be run to, and setting out the distance (200 feet) upon the second line alone. Why was this? It is not suggested that 200 feet was the supposed measure of the original line. The original corner is not called for. Then, how is it to be accounted for, that on this line alone, in giving the particular description, the deed says, stop at the end of 200 feet, and then run to the corner of lot 153? It cannot be accounted for, except on the supposition that the line was not to be run quite out to the original corner, but was to stop at an agreed distance, 200 feet.
It will be seen upon a close examination that this case differs entirely from Ritter v. Barrett. There, the description in the deed, so far as it went, corresponded precisely with the more minute description in the deed referred to. The distance called for in both was 240 poles, and the only difference was, that the deed in question did not add "to a pine" — which was a part in the more full description in the deed (120) referred to. In our case, the two hundred feet is not a supposed measurement, which had been passed down through many mesne
conveyances, and in regard to which the call for a "pine corner" showed there was some mistake; but it is set out in this deed for the first time, by way of giving a more special description of the land intended to be conveyed; and there is no "pine tree," or corner, or anything else to show there was a mistake about it. Why should 200 feet have been fixed on, instead of 150 or 300, unless 200 was the distance agreed on? There must be a venire de novo.
PER CURIAM. Judgment reversed, and a venire de novo awarded.
Cited: Kissam v. Gaylord, 46 N.C. 296; Gause v. Perkins, 47 N.C. 226;Mizzell v. Simmons, 79 N.C. 188; Brown v. House, 118 N.C. 878;Lumber Co. v. Hutton, 152 N.C. 542; S. c., 159 N.C. 450; Lumber Co. v.Lumber Co., 169 N.C. 95.
Distinguished: Corn v. McCrary, 48 N.C. 500. *Page 125