Battle, J.
 

 It is now well settled,, that a mistake in the course or distance contained in the calls of a deed, shall not be permitted to disappoint the intent of the parties, if that intent
 
 *392
 
 appear, and if the means of correcting tbe mistake are furnished, either by a more certain discription in the same deed, or by reference to another deed, containing a more certain description. Campbell v. McArthur, 2 Hawks. 33
 
 ;
 
 Ritter v. Barrett, 4 Dev. and Bat. 133. It is equally well established, that a similar mistake in a grant may be corrected by reference to a plat annexed, or by such plat and the certificate of the original survey, where a more correct and certain description is therein contained. Blake v. Doherty, 5. Wheat. Bep, 359; Hurly v. Morgan, 1 Dev. and Bat. 425. It is true, that when a natural object, as for instance, a large lake, is called for in the grant, and the lake is not laid down in the annexed plat, the latter cannot control the calls of the grant, because the grant, by calling for the natural object, furnishes the more certain description. Literary Fund v. Clark, 9 Ired. 58. This, however, is but an exception, which, in the very reason upon which it is founded, the more -clearly proves the general rule.
 

 That the grant, in the case before us, contains a mistake in the call for the course, “South, eighty degrees East,” is manifest from an inspection of the plat, made according to the survey on that call. The line thus run makes the other lines cross each other, and throws those which are subsequent to it so much out of their proper position, that the land actually enclose, is in three distinct parcels, amounting in the whole to not more than half of what is expressed to have been granted. In addition to this, the twelfth line of the grant crosses the first, and those subsequent to the twelfth go off in a direction from the beginning, and never reach it. It must be admitted, then, that there is a mistake in the call alluded to, which ought to be corrected by the annexed plat, or by that, together with the certificate of the original survey, if the description therein given be more consistent, and thereby leads to a more certain ascertainment of the intention of the parties. Such, it will be readily perceived, is the case. The call in the plat, as well as in the certificate of the original survey, is “ South, eight degrees East,” and by adopting that, instead of the course, “ South,
 
 *393
 
 eighty degrees East,” and running according to it, all tbe other courses and distances .will be consistent with it, and one entire tract of land will be found to be enclosed by them. The mistake was, no doubt, made inadvertently by the Secretary of State, in adding the letter “ y ” to the word “ eight” in the call in question. Under these circumstances, we have no hesitation in saying, that his Honor erred in holding that the mistake in the grant was not corrected by the plat and certificate of the original survey; and proceeding upon the agreement of the parties, we direct the judgment in favor of the defendant to be set aside, and a judgment to be entered for the plaintiff.
 

 Pee CuRIAM. Judgment reversed, and judgment for plaintiff.