SIMEON GRAYBEAL v. DRURY POWERS.

*Ejectment — Boundary — Evidence.*

1. A call for the line of another tract of land is "a natural boundary" and controls course and distance.

2. Such a call excludes the question, whether marked lines and corners not called for can control course and distance.

3. In running the call, the line must be run straight so as to strike the line called for, making as small a departure as may be from the course and distance called for in the grant.

4. Where there are two lines answering the call, the jury in determining which is meant, may consider the circumstance, that lines were run by the surveyor and corners made at the time of the survey, leading to one of them.

5. Marked line trees and corners not called for, may control an obvious *mistake* in regard to course, but distances must be run unless controlled by a natural boundary.

6. The terms of a written instrument cannot be varied by parol evidence; the only exception is made in questions of boundary where there being no natural boundary called for, parol evidence corroborated by natural evidence of trees marked at the time, although not called for, is allowed to correct or explain a mistake in the courses of a grant.

(*Clarke* v. *Wagner,* 74 N. C. 791, cited and approved.)

GRAYBEAL *v.* POWERS.

CIVIL ACTION, for the recovery of land tried at Fall Term, 1875, of ASHE Superior Court, before *Furches, J.*

Plaintiff claimed title to the tract F E D C H G F under a grant issued to him in 1866, which covered the land in dispute. He also read in evidence a grant located as B A D C B issued to him in 1848, lying east of the *locus in quo,*

the western line of which C D, it was in evidence was a plainly marked line. He also read a deed to him, dated April 6, 1863, for the tract located as F X Z G F, known as the Waite tract, and also as the Simeon Graybeal place. Defendant read in evidence a grant dated 13 July, 1863, survey being made 18 April, 1863, "beginning on a chestnut oak, Simeon Graybeal's corner, thence South 8° West 30 poles to a chestnut sapling, thence South 33° West 100 poles to a stake in Simeon Graybeal's line, thence East 47 poles to a stake in Powers line, thence with said line to the beginning." The beginning was agreed to be at A. Run by course and distance, this grant would be located at A 1. 3. 4. A.

The defendant introduced evidence showing that the lines A 1. 2. F were marked lines; that the surveyor ran these lines marking trees and corners when he made the survey in which defendant's grant was obtained: and that the line the surveyor ran to in the call for Simeon Graybeal's line was the line F. X. Plaintiff claimed that the proper location of defendant's grant was by course and distance as viz : A 1. 3. 4. A. Defendant insisted that the proper location was A 1. 2. F E A.

The former location would not cover the *locus in quo* : the latter would. The Court charged the jury that the plaintiff having shown a grant from the State to himself which was admitted to cover the land in dispute, he had made out a *prima facie* case, and would be entitled to recover unless defendant's grant also covered the land in dispute. That defendant also having shown a grant from the State to himself of an older date than plaintiff's it would defeat the plaintiff's title and right to recover if it covered the land in dispute ; that they were to find all the facts from the evidence. That although the defendant did survey the line A 1. 2. F for the purpose of taking out the grant, if he undertook to change it, and to take out a grant according to the

mathematical calls as indicated by A 1. 3. 4. A, then that would be the true boundary of this grant and would not cover the land in dispute, and the plaintiff would be entitled to recover. But if they should find that defendant never abandoned the line actually surveyed; and they should further find that the lines A 1. 2. F were the lines so actually surveyed, and that Simeon Graybeal's line of the Waite place was the line they ran to, and that the grant was taken out upon the survey, then that would be the line of the defendant's grant and it would cover the land in dispute and the plaintiff would not be entitled to recover although the mathematical call of the grant did not run with these lines.

Plaintiff excepted. Verdict for the defendant. Rule for new trial. Rule discharged. Judgment for defendant, and plaintiff appealed.

*Mr. M. L. McCorkle*, for plaintiff

*Messrs. R. F. Armfield* and *G. N. Folk*, for defendant.

PEARSON, C. J.   A call for the line of another tract of land is "a natural boundary" and controls course and distance, on the ground that there can be no mistake in respect to the intention to go to the line of the other tract, whereas in respect to course and distance there may be a mistake, in entering upon the field notes or in transferring the entry to the description set out in the grant.

In our case, there is a natural boundary, " Simeon Graybeal's line," but it so happens that Simeon Graybeal owned two tracts, one a 30 acre tract, which I will call tract No. 1, and another tract which I will call tract No. 2, lying west of tract No. 1, and distant from it some 30 or 40 poles. It is evident from the plat, that " the Simeon Graybeal's line" called for, is either the north and south line bounding tract No. 1 on the west and marked C D, or it is the north and

south line bounding tract No. 2 on the east and marked F E.

Which of these two lines is the one that is called for, is "the governing fact in the location of the defendant's grant and ought to have been distinctly left to the jury with instructions to consider all the evidence and the surroundings of the case, including the marked lines and corners, &c."

His Honor and the counsel, carried away by the question as to whether marked lines and corners *not called for* can control corners and distances, fell into the same error as in *Clarke* v. *Wagner*, 74 N. C. 791, and failed to take notice of the principle which excludes that question, whenever a natural boundary is called for, on the ground that a natural boundary called for in the grant provided it be identified controls the location and overrides everything else ; so that "course and distance" and "marked lines and corners" not called for, so as to be made natural boundaries, are evidence to be considered by the jury, in identifying the natural boundary.

There, the case turned upon the fact whether Island No. 1, or Island No. 2, was " The Island" called for ; here the case turned upon whether the north and south line bounding tract No. 1, on the west, or the north and south line bounding tract No. 2, on the east, was " the Simeon Graybeal's line" called for. It is proper to state that *Clarke* v. *Wagner*, which is on all fours with this case, was not published at the time of the trial.

For this error there will be a new trial, on which His Honor will instruct the jury that if they find the north and south line bounding tract No. 1 on the west, to-wit, C. D, to be the " Simeon Graybeal's line" called for, then as the next call is " North 140 to a stake in Simeon Graybeal's line," the defendant's grant did not cover the land in dispute, and they should find for plaintiff, and need not trouble them-

selves to fix the points at which the call struck Graybeal's line.

But if they should find the north and south line bounding tract No. 2 on the east, to-wit, F E, to be "the Simeon Graybeal's line" called for, then the line of defendant's grant starting at 1 must be run straight, so as to strike that line, making as small a departure as may be from the course and distance called for in the grant, and not deviating from course or distance in order to conform to the lines surveyed and marked as stated by the witnesses, because, these lines not being called for as a part of the description, the circumstance that they have been surveyed and marked can only be allowed weight in determining the fact as to which of the two lines was the Simeon Graybeal line called for in the grant.

Marked line trees and corners not called for have been allowed to control an obvious mistake in regard to course; for instance, a mere slip of the pen in writing north instead of south and the like, but you must in the language of surveyors "go by the distance," unless it be controlled by a call for a natural boundary, whether it fall short of, or go beyond a tree, marked as a common tree, but which is not called for. To allow the terms of a written instrument to be varied by parol evidence is a proposition for which no lawyer will contend. The only exception is made by our Courts in questions of boundary when there being no natural boundary called for, parol evidence corroborated by natural evidence of trees marked at the time, although not called for, is allowed to correct or explain a mistake in the courses of the grant; to allow it in this instance would be not to correct a mistake, but to supersede a line fixed by the rules of law, by putting in its place a line marked by one of the parties, but which, for some reason best known to himself, he chose not to have set out in the grant.

The case does not set out with precision the *locus in quo*

and it does not appear whether the possession of the defendant included the small slip between the line, as run and marked by the defendant, and the straight line from 1 to F. This we presume is a matter of but little importance except as it may affect the costs.

Error.

PER CURIAM.                    *Venire de novo.*