A. T. DAVIDSON v. W. T. SHULER'S HEIRS.

*Action   to   Recover   Land—Survey—Beginning   Corner,
Location of—Parol Evidence.*

While parol evidence  is not competent to contradict and change the calls in a grant or deed, it may be used and marked lines proved to locate the corner  called  for or to show that, by a " slip of the pen," a course different from that intended was written in making out the  survey and  grant, as " south " instead of " north."

CIVIL ACTION, tried before *Robinson, J.*, and a jury, at Fall Term, 1895, of GRAHAM Superior Court, on the usual issues in enjectment.

The plaintiff put in evidence a State grant, dated February 3, 1868, which he claimed covered the  land in contro-

versy, and the same as described in the complaint. The grant called for beginning on a chestnut tree the S. E. corner of the Geo. Williams lot.

The plaintiff then offered the deposition of William Williams, who testified, among other things, as follows:

" I live in Tennessee. I know the tract of land described in plaintiff's grant. I was chain-bearer when it was originally surveyed for my father, William Williams, Sr. The beginning corner of the survey was on a chestnut tree in the forks of the Yellow creek, near where Oliver Williams lived. I showed the corner to A. J. Patton, A. C. Williams and others."

The plaintiff then offered A. J. Patton, who testified that he knew the land in controversy; that the defendants were in possession; that William Williams pointed out to him and others the beginning corner, which is a chestnut tree in the forks of Yellow creek, the same described by said Williams in his deposition; that it was an old-marked corner and an old-marked line runs off from it, as called for in the grant. I saw pointers (old-marked) to a corner at next station called for in the grant.

On cross-examination witness was asked if he did not pay Williams twenty dollars to locate this tree as the beginning corner. Witness stated that he did not pay him to point out any particular tree, but did give him twenty dollars to come and show him where the surveyor began the survey and locate the beginning corner; that he is the agent of the plaintiff, but has no interest in the controversy about the land.

The plaintiff rested his case.

The defendants introduced the County Surveyor, H. P. Hyde, who testified that he had surveyed the land in controversy. That to begin on the S. E. corner of George

Williams' land, and run with the calls in the grant, would not cover the lands in possession of the defendants. He then offered a map.

On cross-examination he stated that to begin at the chestnut tree, described by the witness Williams and the other witnesses, and run by the calls in the grant, would cover the land in possession of the defendants and described in the complaint. That he found the said chestnut marked as an old corner, and an old-marked line leading off from it, as called for in the grant, and on running around to make the survey he passed an old corner at 26 poles, as called for in the grant. That he found no chestnut tree at the S. E. corner of George Williams' tract, and nothing there to indicate the beginning corner of the land in controversy. That said chestnut tree was near the N. E. corner of Williams' lot.

The defendants closed their case.

The plaintiff introduced A. C. Williams, who testified that he knew the beginning corner, as pointed out by the witness, William Williams; that said Williams had shown it to him. It was marked an old corner, was a chestnut tree in the forks of Yellow creek, near where Oliver Williams lived.

His Honor charged the jury among other things : That the location of the beginning corner of the land in controversy is a question submitted to them under all the evidence in the case ; and notwithstanding it was described as being a chestnut tree, the S. E. corner of George Williams' lot, if it was in fact located at some other point than the S. E. corner, and the plaintiff had satisfied them of its location by a preponderance of the evidence, and had satisfied them by a preponderance of the evidence that the beginning corner was at the chestnut tree described by the witness Williams and others, and running from that point

according to the calls in plaintiff's grant, covered the land in controversy and in possession of defendants, that they would answer the first issue " Yes" and the second issue " No."

There was a verdict for the plaintiff, and from the judgment thereon defendant appealed.

*Messrs. Battle & Mordecai* and *Ben Posey*, for plaintiff.

*Messrs. Dillard & King* and *Shepherd & Busbee*, for defendants (appellants).

FURCHES, J.: This is an action of ejectment, and the only question presented by the appeal is the location of a grant from the State, dated February 3, 1868. This grant calls for a chestnut, S. E. corner of George Williams' lot, as the beginning corner. To locate the beginning corner at the S. E. corner of George Williams lot, the grant does not cover the *locus in quo*. But to locate it on a chestnut near the N. E. corner of the George Williams lot, and then run with the calls of the grant, it does cover the *locus in quo*. At the S. E. corner of the George Williams lot there is no chestnut to be found marked as a corner, but near the N. E. corner of the George Williams lot is found a chestnut tree marked as a corner, of a date, from appearances, suited to the date of the grant. From this chestnut tree are found marked lines corresponding with the calls of the grant. The corner called for is a *chestnut tree* which is said to be near the S. E. corner of the George Williams lot. This description leads the parties wishing to locate this grant to expect to find the " chestnut " called for as the beginning corner at or near the S. E. corner of the George Williams lot. But no such tree can be found there, nor is there any evidence tending to show that there ever

DAVIDSON *v.* SHULER.

was such a tree at that point.   But parol evidence may be used, and marked lines proved, to locate the corner *called for* in the grant, or to show a slip of the pen in writing " south " instead of " north " which the plaintiff contends was the case in making out the survey and grant in this case.   This doctrine of allowing the use of parol evidence and the proof of marked lines to locate and establish the lines and corners called for in a grant or deed is held in a number of the decisions of this Court.   Indeed, it is common learning, fully recognized by the courts and the profession.   But it is never allowed to contradict and change the calls in a grant or deed.

The difficulty in this case is to locate the chestnut tree called for as the beginning corner.   To do this it was competent to receive the evidence of the witness Williams, who testified that he was one of the chain-carriers when the survey was made, and that the chestnut tree in the forks of Yellow Creek was then run and marked as the corner ; also to receive evidence of the marked lines running from and to this chestnut, agreeing with the calls in the grant, for the purpose of showing that this chestnut was the commencing corner of the grant ; and to show that the pointer called for in the grant, " S. E. corner of George Williams' lot," was, as PEARSON, C. J., says in *Graybeal v. Powers,* 76 N. C., 66, " a slip of the pen." . This evidence was competent because it was introduced and tended to *establish* the call in the grant—the chestnut tree—and not to *contradict* the call and establish a corner or line not called for in the grant.

It is the duty of the court to tell the jury what the corner is, and it is the duty of the jury to say from the evidence where it is.   *Jones* v. *Bunker,* 83 N. C., 324 ; *Bennett* v. *Thompson,* 13 Ired., 379.   The court should have told the jury that the beginning corner was a chest-

nut tree, and that it was their duty to find from the evidence where this tree is, and then locate the grant by the call and distance, unless there were other marked lines called for in the grant, or some other natural boundary called for and established of greater certainty than course and distance; that, in ascertaining the beginning corner, they should take into consideration that, while the call was a *chestnut*, it is also said to be at or near the S. E. corner of George Williams' lot; that if this description was a mistake, "a slip of the pen," as said in *Graybeal* v. *Powers*, and this is shown to their satisfaction, they would not be controlled by this description in establishing the corner; that the evidence of William Williams, who testifies that he was one of the chain-carriers and that the chestnut found in the forks of Yellow creek marked as a corner is the tree there marked as the commencing corner and called for in the grant, and the evidence of Patton and others corroborating him, is competent evidence. Also the marked lines, apparently about the age of the grant, running with the calls of the grant, are all competent evidence for them to consider in establishing the beginning corner. And if from all the evidence they should find the chestnut marked as a corner in the forks of Yellow creek to be the tree called for in the grant as the beginning corner, they should find the issues in favor of the plaintiff— it being admitted that, if this is the beginning corner of plaintiff's deed and grant, they cover the *locus in quo*. It must be kept in mind that the call in the grant is a chestnut tree and not the S. E. corner of George Williams' land. This we understand to have been substantially the charge of the court upon which the jury found for the plaintiff, and the judgment must be affirmed.

Affirmed.