J. L. WISEMAN v. J. R. GREENE.

(Decided December 6, 1898).

*Public Road—Title—Location.*

1. An action for obstructing a road, not alleged to be a public road, or not alleged to be on plaintiff's land, cannot be maintained.
2. Where the answer admits the ownership by the plaintiff of the land claimed by him, it is unnecessary to show title out of the State.
3. The question of location is one for the jury.

CIVIL ACTION for the recovery of land, being a couple of acres, upon which were situated a grist and saw mill, and damages are claimed for an alleged obstruction by defendant of a road leading to the mills, over his land.

The answer admits the ownership by plaintiff of the mill property, and avers that the plaintiff, is in possession thereof, and denies any interference with it by defendant.

At the close of plaintiff's evidence, the defendant moved to non-suit the plaintiff: first, for that the plaintiff had failed to show title out of the State; secondly, the description in the plaintiff's deed is so uncertain as to be incapable of location; thirdly, because, if capable of location, the plaintiff's evidence was insufficient to locate the land.

The Court allowed the motion, and plaintiff excepted. From the judgment rendered, the plaintiff appealed.

*Messrs. S. J. Ervin, T. A. Love* and *W. C. Newland,* for plaintiff (appellant).

No counsel *contra.*

FURCHES, J.:   From the complaint and trial of this case, it is difficult for us to determine what the plain-

tiff complains of—whether it was for possession of land, or for trespass on land, or for stopping up the plaintiff's mill-road. Nor are we able to determine the grounds of the plaintiff's complaint from the evidence introduced, or from the map filed, which shows as near nothing as it could well do, though made under order of the Court. It seems not to have been made upon the calls in the deed, nor by the allotment of the homestead; nor does it show the contention of the parties, nor the *locus in quo.*

If the action is for defendant's stopping up the road, it cannot be maintained, as it is not claimed that it is a public road. *Boyden* v. *Achenback,* 79 N. C., 539, cited with approval in *Collins* v. *Patterson,* 119 N. C., 602; *State* v. *Fisher,* 117 N. C., 733. Unless the point at which it was closed, is on the plaintiff's land, it would then be a trespass *quare clausum fregit.*

The complaint alleges a trespass upon the plaintiff's mill property by tearing down one house and by damaging other buildings. But these trespasses are denied by the defendant, and the plaintiff fails to offer any evidence to sustain either of these alleged trespasses.

The plaintiff asked that he be adjudged the owner of the mill and two acres of land, and that he be put in possession of the same. But the defendant in his answer admits that plaintiff is the owner of this mill and two acres of land, and alleges that plaintiff is in possession. And plaintiff offers no evidence to show that he is not in possession.

But singular as it may appear, after the defendant had admitted that plaintiff was the owner of the mill and two acres of land, he contends that it cannot be located; that the description in plaintiff's deed is too

WISEMAN v. GREENE.

indefinite, and asks the court to non-suit the plaintiff upon the following grounds:

1. "That plaintiff had shown no title out of the State."

2. "That the description in the deed under which plaintiff claims is so uncertain as to be incapable of location."

3. "That if capable of location, the plaintiff's evidence is contradictory to the description in the deed and complaint, and is insufficient to locate the land."

The Court allowed the motion and the plaintiff excepted and appealed.

We do not think the judgment of non-suit can be sustained upon the first cause assigned, as it appears (though not very distinctly) that plaintiff and defendant claimed under a common source (under A. Wiseman, paragraph 4 of the Answer).

We do not think it can be sustained under the second assignment, as defendant in the first paragraph of his answer admits the plaintiff's ownership, as follows: "That he denies paragraph 1 of the complaint, but admits that plaintiff is the owner of two acres of land on Toe River, including an old, dilapidated and unused saw and grist mill." After this admission, it is too late to dispute its location.

We do not think it can be sustained under the third assignment, as defendant had admitted the location in his answer. And had this not been so, *the sufficiency of the evidence* was a question for the jury.

This case from start to finish, seems to us to be wanting in clearness of conception, and not to have been tried upon any of the issues that might *possibly* have been presented upon the pleadings.

New trial.