WISEMAN v. GREEN.

(December 4, 1900.)

*Deeds —Description —Construction —Intent —Mistake — Ejectment.*

Where it plainly appears from the deed itself that there is a mistake in the description, as where the word "east" is written "west," the Court will construe the deed according to the intent.

CIVIL ACTION by J. L. Wiseman against Jesse Green and H. A. Green, his wife, heard by Judge *Thos. J. Shaw,* at

February Term, 1900, of MITCHELL Superior Court.   From judgment for plaintiff, the defendants appealed.

*S. J. Erwin,* for the plaintiff.
*J. T. Perkins* and *E. J. Justice,* for the defendants.

FURCHES, J.   This is an action for possession of a small piece of land lying on Toe River, ·in Mitchell County, on which there is an old grist and saw-mill, said to contain two acres.   The case has been here before on another appeal, and is reported in 123 N. C., 395.   But, owing to the condition in which the case was presented in that appeal, the opinion is of but little service to us in this appeal.   The land in controversy at one time belonged to Alexander Wiseman, and both plaintiff and defendant claim title under him.   In 1871 the sheriff of Mitchell County, having an execution in his hands against Alexander Wiseman, undertook to lay off his homestead, and to sell the excess under said execution. Among other lands sold by the sheriff as such excess, he sold two acres of land lying on the Toe River, "on which is situated one saw and grist-mill, known as 'A. Wiseman's Mill;'" and the deed contains the following calls: "Beginning on the southeast bank of Toe River, two rods below the mill house, and runs west, north, east, and south, to the beginning, so as to include the mill and site and two acres of land, it being and including the land sold as the excess of the homestead of A. Wiseman."   It appears from the survey and the evidence in the case, that the land contained in the calls of this deed does not include the saw mill, nor the grist-mill, nor the mill site.   But, if the first call "west" is reversed, and read "east," instead of "west," the description in the deed, "beginning on the southeast bank of the Toe River, two rods below the mill house," will include both the saw and grist-mill, and mill site.   The plaintiff claims

that the word "west" should have been written "east," and was written "west" by mistake—was an inadvertence, a slip of the pen—and should be corrected. The defendant contends that there is no mistake, inadvertence, or slip of the pen about it, and that there is nothing to correct; that, instead of its being a correction, it would be a change of the deed, which the Court has no right to make. And the *feme* defendant claims that since the date of the sheriff's deed, under which plaintiff claims, she has become the owner of this mill, or an interest in it, and to make the change the plaintiff is contending for would be to divest her of her vested rights. But it seems to us that this last contention of defendant—that it would divest her of vested rights—can have no influence upon the Court in considering the rights of the parties, as it must be admitted that the Court has no right to alter the deed so as to make it convey land which was not sold and conveyed by the deed. But it seems to be well settled that the Court has the right to ·construe a deed, and, in proper cases, to correct an inadvertence—a "slip of the pen"—when it plainly appears from the deed itself. *Graybeal v. Powers,* 76 N. C., 66; *Davidson v. Schuler's Heirs,* 119 N. C., 682. In *Cooper v. White,* 46 N. C., 389, it is said "that it is now well settled that a mistake in ·the course, or distance, contained in the calls of a deed shall not be permitted to disappoint the intention of the parties if that intention appears, and the means of correcting the mistake is furnished by a more certain description· in the deed." In *Long v. Long,* 73 N. C., 370, it is said that a line to run from a given point to the Ramsey Ford, so as to include the cleared land on Shingle Island, must be run so as to include the cleared land on Shingle Island, although a straight line from the beginning corner to the Ramsey Ford would not touch Shingle Island. In *Clark v. Wagner,* 76 N. C., 463,

where the call in the grant was to the upper end of an island in the Catawba River, thence to the lower end of the island, "so as to include two small islands," the lower end of the second island extending considerably lower down the river than the lower end of the first island, the Court said: "The line must be run to the upper end of the first island, and then it would run a straight line to the lower end of that island, though it splits island No. 1, but for the further call, or description, in the grant, 'so as to include two small islands.' Therefore the line must be run down the far side of the first island until the second, or lower island, is reached. Then it must go to the far side of the second, or lower island, which laps on the lower end of the first island, and down the bank of that island to the lower end, and thence east to the mainland, so as to include both islands." This was because the grant was to be so run, or bounded, as to include both islands, although the calls in the grant would have only included a part of the first island, and no part of the second island, but for the call "so as to include two small islands." The sheriff's deed, under which the plaintiff claims "includes the saw and grist-mill, and mill site," and the deed must be run so as to include them. The mill is what is considered in law a permanent object, a natural boundary, or location, and is the most certain part of the description contained in the deed, and controls the other calls therein. The beginning corner is certain; no mistake about that—two rods below the mill house, on the southeast bank of the river. To begin at that point and run "west," as the deed calls, and then with the other calls in the deed, you entirely miss the mill house and the mill site. But to commence at this known beginning corner, thence "east," and then with the other calls in the deed, you include both mill house and the mill site. It seems to us that common sense, justice, law, and the precedents of

this Court sustain the ruling of the Court, and the finding of the jury that "west" was a mistake, and should have been written "east." This being so, the Court does not change the deed, but only puts a legal construction upon it, which creates no new rights, nor does it affect the rights of others. There was much oral evidence introduced tending to support the contention of the plaintiff and to sustain the contention of the defendants. But the call and description of the land are so plainly stated in the deed itself, that we have preferred to put our judgment upon this alone, without referring to the oral evidence. This ruling of the Court gives the plaintiff the oldest title under Alexander Wiseman, the common source. There were a number of other exceptions, which have been examined, and can not be sustained. They do not affect the merits of the controversy. The main contention upon which the controversy turned was the one we have discussed, and, as we find no error in that, the judgment of the Court below will be affirmed.