## L. H. BRADSHAW v. HILTON LUMBER COMPANY.

### (Filed 11 October, 1916.)

**1. Reference—Exceptions—Trial by Jury—Waiver.**

Where the court of its own motion orders a reference of a cause, to which a party excepts at the time, and also excepts to the referee's report, and tenders issues of fact upon which he demands a trial by jury, nothing else appearing, he has preserved his right to a jury trial, and cannot be held to have waived it.

**2. Reference—Courts—Trials—Statement of Referee—Evidence.**

It is not error for the court to refuse to permit a party to a reference to introduce a written statement of the referee attached to the testimony of a witness, though it would be competent to introduce the referee as a witness to prove the statement, thus affording the opposing party the opportunity to cross-examine him.

**3. Same—Witness—Record—Report.**

It is incompetent for a party to a compulsory reference to prove by the referee what he had proposed to prove by a witness, for the evidence is transcribed and is a part of the report of the case heard before him.

**4. Reference—Courts—Trial by Jury—Report—Conclusions—Evidence.**

The findings of fact of the referee and his conclusions of law are not a part of the evidence which the jury may consider in passing upon the issues submitted to them, and are properly disallowed for such purpose.

**5. Instructions—Timber Deeds—Measurements of Timber—Appeal and Error —Harmless Error.**

Where the plaintiff had conveyed to the defendant timber on certain lands that measured 12 inches and up in diameter at the time of the conveyance, a charge of the court, in an action for damages for cutting smaller trees than conveyed, that the measurement of the trees could be made at any height from the ground, cannot be considered as prejudicial to the defendant, if erroneous. *Semble,* the trees should be measured 12 inches from the ground, or according to the prevailing custom.

**6. Timber Deeds—Measurements—Exceptions—Burden of Proof.**

Where in an action for damages brought against the grantee of a timber deed for cutting timber of smaller size than that specified, the defendant claims that the trees thus cut came within an exception in the deed permitting it to be done for certain particular purposes, he having peculiar knowledge of the facts, has the burden of showing that they were cut and used for the purposes specified.

THIS is a civil action, tried at January Term, 1916, of DUPLIN, before *Allen, J.,* upon these issues:

1. Did the defendant wrongfully and unlawfully cut and remove timber from the lands of the plaintiff, as alleged in the complaint? Answer: "Yes."

2. What damage, if any, is plaintiff entitled to recover of the defendant? Answer: "$725."

From the judgment rendered, defendant appealed.

*Stevens & Beasley for plaintiff.*
*E. K. Bryan, H. D. Williams for defendant.*

BROWN, J.  The plaintiff seeks to recover damages for cutting pine timber on his lands of a size smaller than 12 inches in diameter. The plaintiff conveyed to defendant all the short-leaf pine timber on certain lands that measured 12 inches and up in diameter at date of conveyance, 14 August, 1899. The cause was referred to a referee *ex mero motu* by the court, over plaintiff's objection.

. The referee heard the cause and made his report and findings of fact and law. Within the time allowed by the court plaintiff filed exceptions to the report and demanded a jury trial upon the issues, which was granted. Defendant excepted, at the same time moving to confirm the report.

1. The plaintiff preserved his right to a trial by jury by entering his exception of record at the time the order of reference was made. He did not waive such right, but maintained it intact by repeating at the end of his exceptions his demand and tendering with his exceptions the issues he proposed. This, we think, is in accord with the decisions. *Driller Co. v. Worth,* 117 N. C., 515; *Ogden v. Land Co.,* 146 N. C., 443.

2. The contention that the court erred in not permitting the defendant to offer in evidence a certain statement of the referee attached to the written evidence of the witnesses is untenable. It was no part of the evidence, was not under oath, and not subject to cross-examination. The defendant had the right to put the referee on the stand as a witness if he saw fit to do so.

3. The further contention that the court erred in refusing to allow the defendant to put the referee on the witness stand and prove by him what the plaintiff proposed to prove on the trial before the referee is likewise untenable. Whatever the referee admitted as evidence was taken down and reported to the court. What the defendant proposed to prove on such trial and which was excluded is no part of the evidence, and, therefore, it is incompetent to prove by the referee such proposal.

4. The contention that the court erred in excluding from the jury the report of the referee, together with his findings of law and fact, is equally untenable. While the statute, Revisal, sec. 519, provides that the testimony of all the witnesses on both sides shall be reduced to writing by the referee and signed by the witnesses, and filed in the cause, it nowhere provides that the findings of the referee, himself,

or any conclusions of law which he may arrive at, shall be submitted for the consideration of the jury. They constitute no part of the evidence, but are mere deductions from the evidence. If such contention could be maintained, the province of the jury would be invaded and their right to draw their own conclusions would be entrenched upon.

5. The defendant excepts to the charge of the court as follows: "Now, as I have said before, 12 inches in diameter, I charge you, means 12 inches at any part of the tree from the ground up. You would not be bound by the referee's conclusions, but you would be governed by the charge I give you. So I charge you that 12 inches in diameter means 12 inches anywhere above the ground."

The finding of the referee is to the effect that inasmuch as the deed does not fix the place on the tree at which the diameter is to be taken, the customary place to take the measurement is 12 inches above the ground. We think that this ruling of the referee was substantially correct. As the circumstances under which the deed was made showed conclusively that the timber was to be cut for market, or manufacture, therefore, the timber should be severed at the height from the ground where it is usual to cut such timber. The case was tried exclusively upon the testimony taken before the referee and reduced to writing, and no other evidence was offered.

Therefore, we conclude that the referee's method of ascertaining the diameter was possibly followed by the jury. But whether it was, or not, the defendant has no right to complain of the charge of the judge, because the effect of such charge was to give to the defendant every tree which measures 12 inches in diameter at any part of the tree, either at the ground or at the top, so that if a tree measured 12 inches at any part of it, that tree is conveyed to the defendant within the terms of the deed.

6. The defendant contends that the court erred in refusing to give the defendant's fourth prayer for special instruction as follows: "The timber deed made by the plaintiff having given the right to the defendant to use and cut trees undersize in the building and constructing of roads and tramroads, and the plaintiff having failed to prove that the trees so cut undersize were not used for such purposes, the plaintiff cannot recover, and the jury should answer the first issue 'No' and the second issue 'Nothing.'"

The charge of the court in regard to the timber cut under 12 inches in pursuance of the terms of the deed is very clear, and follows the well established rules of evidence. It was conclusively within the knowledge of the defendant as to how much timber it cut for the purposes of construction, tramways, and repairs. The defendant claims

the right to cut this undersized timber for such purposes by virtue of an exception contained in the deed, and it was the defendant's duty to bring itself within the exception by showing that the undersized timber so cut was for the purposes therein provided for. It is an elementary rule of evidence set forth by all the text-writers that where the subject-matter of a negative averment lies peculiarly within the knowledge of the other party the averment is taken as true, unless disproved by that party. *Great Western R. R. Co. v. Bacon,* 83 Amer. Decisions, 199; *King v. Turner,* 5 Maule and S., 206; Greenleaf on Evidence, sec. 79; *U. S. v. Demer and R. G. R. R. Co.,* 191 U. S., 91.

Upon a review of the entire record, we find

No error.