P. H. MITCHELL ET AL. v. W. T. HECKSTALL.

(Filed 28 September, 1927.)

**1. Deeds and Conveyances—Courts—Interpretation—Intent of Parties as Expressed by Themselves.**

Where the parties themselves have interpreted their deed to lands and expressed it in the written instrument, such interpretation will be given consideration by the court in its interpretation, and will be allowed to avail when substantially consistent with the other parts of the deed being construed and not declared inoperative for an apparent immaterial variation therewith.

**2. Same—Evidence—Boundaries—Location—Estoppel.**

Where in a deed to a mill site and certain lands included therein the parties have themselves expressed their true intent and meaning as to the quantity of lands conveyed, parol evidence consistent with the description in the deed, the admissions of the parties and the intent expressed by them in the instrument, are erroneously rejected upon the trial, and it is reversible error for the trial court to disregard them and to hold that the grantor in the deed and those claiming under him were estopped by the deed, when the evidence excluded would tend to establish the fact otherwise.

APPEAL by plaintiffs from *Grady, J.,* at February Term, 1927, of BERTIE. Error.

*Craig & Pritchett for plaintiffs.*
*Winston, Matthews & Kenney for defendant.*

ADAMS, J. The plaintiffs brought suit to recover damages of the defendant for wrongfully cutting and removing timber from land to which they claimed title and for an injunction perpetually to enjoin the trespass. The defendant denied the title of the plaintiffs and alleged that on 30 January, 1896, their ancestor, John Mitchell, had conveyed to him the property in controversy which was described in the deed as follows: "The Hoggard Mill, which embraces both the sawmill and grist mill, the acre of land on which is the mill site, the mill pond and all the privileges of ponding water and all lands and waters used and belonging to said mill, which was formerly the property of Josiah Mizell and W. J. Mitchell, and afterwards the property of Henry Mizell, John Mitchell and T. J. Heckstall. The true intent and meaning of this deed is to convey to W. T. Heckstall and his heirs, John Mitchell, one-third undivided interest in and to all of that certain mill, sawmill, grist mill, land covered by the waters of the pond and all other appurtenances and appliances appertaining to the Hoggard Mill."

The judgment contains these two recitals: "It was admitted in open court that the plaintiffs, as heirs at law of John Mitchell, deceased, are claiming under him a part of the lands covered by the waters of the Hoggard mill pond, as described in the pleadings, and that no other lands than those covered by the waters of said mill pond are in controversy in this action; it was also admitted that the defendant is the grantee in the deed executed by said John Mitchell and wife to the defendant, 30 January, 1896." (2) "The plaintiffs, heirs at law of John Mitchell, undertook to show during the hearing that the deed of conveyance from John Mitchell and wife to the defendant, as herein set out, only conveys the land to the run of the swamp as covered by the waters of the Hoggard mill pond, said run being located somewhere near the middle of the said mill pond."

It was adjudged that the plaintiffs were estopped by the deed of their ancestor, that the restraining order be dissolved, and that the defendant go without day.

There was evidence tending to show that John Mitchell, Henry Mizell and T. J. Heckstall had been tenants in common of a tract of land on the east or south side of the run of Hoggard mill swamp, including the mill site, that John Mitchell owned an adjoining but separate tract in which Mizell and Heckstall had no interest, and that the "run" is the dividing line between the two tracts. If it be granted that the general description of the land in John Mitchell's deed contains expressions which, standing alone, would include the whole pond, the deed nevertheless bears evidence of the interpretation the parties themselves gave it at the time of its execution—evidence of its true intent and meaning. This intent is abundantly supported by the language employed in the premises as well as the grantor's covenant of seizin and warranty as to his one-third undivided interest in the described property. In *S. v. Bank,* 193 N. C., 524, it is said that when the parties have interpreted their contract the courts will ordinarily follow such interpretation, for it is presumed that they knew what they meant and were least likely to mistake its purpose and intent. Indeed, the modern doctrine does not sanction the application of such technical rules as will defeat the intention of the grantor as expressed in the language he has used, for the obvious intention must prevail unless in conflict with some canon of construction or rule of property. Mistake or apparent inconsistency in the description shall not be permitted to disappoint the intent of the parties if the intent appear in the deed. This principle is established by an unbroken line of our decisions. *Ritter v. Barrett,* 20 N. C., 266; *Cooper v. White,* 46 N. C., 389; *Ipock v. Gaskins,* 161 N. C., 674;

*Williams v. Williams,* 175 N. C., 160; *Seawell v. Hall,* 185 N. C., 80. The admission entered of record does not preclude the application of this principle.

We are of opinion that there was error in adjudging that the plaintiffs are estopped by their ancestor's deed.

Error.