CARL ROSE AND T. W. ROSE v. MRS. R. G. FRANKLIN.

(Filed 11 October, 1939.)

1. **Boundaries § 1—**

The construction of a deed as to the effect of the language describing the boundary is a question of law for the court.

2. **Boundaries § 4—**

The calls in a State grant of lands to a tree on the bank of a non-navigable stream and thence "down the angles of the river to the beginning" makes the river the boundary and extends the call to the middle or thread of the stream opposite the tree and thence down the thread or middle of the stream to the beginning.

3. **Estoppel § 4—Admission of record precludes contention at variance therewith.**

Defendant admitted that plaintiffs' title was good as to all lands embraced in the description in plaintiffs' deeds. The calls in plaintiffs' deeds were to a point on the bank of a non-navigable river and thence down the angles of the stream to the beginning. Defendant contended that the rule that such calls took the boundary to the thread of the stream was inapplicable because of defendant's claim under a prior grant embracing the bed of the stream. *Held:* Defendant's contention was precluded by her admission which conceded better title in plaintiffs as to all lands embraced in their deeds.

APPEAL by defendant from *Alley, J.,* at May Term, 1939, of SURRY.

Civil action in ejectment.

Plaintiffs allege that they are the owners in fee simple of a certain tract of land in the town of Elkin, lying west of old river bridge, described in a deed of W. C. Lewis to plaintiffs dated 21 April, 1936, registered 15 May, 1936, in Book 125, page 320, of the deed records of Surry County, North Carolina, in which deed these calls appear: "thence south 22-00 degrees east 90 feet, more or less, to the Yadkin river; thence down the meanders of the river as it meanders 150 feet, more or less, to an iron stake on the west margin of Bridge Street; thence north with west margin of Bridge Street 136.6 feet to the beginning."

Plaintiffs trace their title through, and offer in evidence *mesne* conveyances in connected chain to a deed from Rich Gwynn to Richard R. Gwynn, dated 29 November, 1866, registered 21 June, 1869, in Book 12, page 234, of the records of deeds of Surry County, North Carolina.

As a part of the description in that deed which includes the land described in the said deed from W. C. Lewis to plaintiffs, there appear these calls: "Thence along the road south about 32 degrees east 15 chains to a large burch on the bank of the river below the ferry landing and

10—216

mouth of Big Elkin; thence down the angles of the river to the beginning, including 697 acres, more or less."

The call in the deed to plaintiffs "thence down the meanders of the river as it meanders 150 feet more or less" is a part of the call "thence down the angles of the river to the beginning," in the deed from Rich Gwynn to Richard R. Gwynn.

Plaintiffs offered evidence tending to show that they and those under whom they claim title have had adverse possession of the lands so described to the middle or thread of the stream over a long period of years.

It is admitted that the Yadkin River at the point in question is a non-navigable stream. The defendant admits that the plaintiffs have a good and valid title to all the land embraced in the boundaries of the several deeds under which they claim. However, the defendant does not admit that plaintiffs' title extends to the thread or middle of the Yadkin River, for that she claims that the title to the bed of the river remained in the State and was granted by the State in Grant No. 12524 on 5 July, 1894, to R. G. Franklin, from whose heirs at law she received deed. Defendant introduced in evidence record of that grant and of that deed. "Without prejudice to plaintiffs' rights, plaintiffs admit that the description in the grant introduced by the defendant described the bed of the river adjacent to the property owned by the plaintiffs."

Upon these admissions the court below held as a matter of law that the description in the deed to plaintiffs extends to the middle or thread of Yadkin River, and entered judgment declaring the plaintiffs to be the owners in fee simple and entitled to the possession of the lands in question, up to the middle or thread of the Yadkin River.

Defendant appeals to the Supreme Court, and assigns error.

*Wm. M. Allen and Hoke F. Henderson for plaintiffs, appellees.*
*Earl C. James for defendant, appellant.*

Winborne, J. Appellant presents this question as determinative of this appeal: Did the court below err in holding as a matter of law that the description of the land in the deeds under which plaintiffs claim extends to the middle or thread of the Yadkin River?

With that ruling we are in accord.

Defendant, having admitted that the plaintiffs have a good and valid title to all the lands embraced within the boundaries described in those deeds, and the Yadkin River at the point in question being non-navigable as admitted by all parties, the question involves the construction of what is the boundary. This is a question of law for the court. *Brown v.*

*House,* 118 N. C., 870, 24 S. E., 786; *Power Co. v. Savage,* 170 N. C., 625, 87 S. E., 629, and numerous other decisions.

In accordance with well settled principle of law, a description of riparian lands by which a line runs to a monument on the bank, and thence with the river, makes the river the boundary. *Sandifer v. Foster,* 2 N. C., 237. The underlying principle has been enunciated in many later decisions of this Court, among which are *Cherry v. Slade,* 7 N. C., 82; *Shultz v. Young,* 25 N. C., 385; *Bowen v. Gaylord,* 122 N. C., 816, 29 S. E., 340; *Power Co. v. Savage, supra.*

In *Sandifer v. Foster, supra,* the last line of a boundary was from a white oak (which stood half a mile from the river), thence along the river to the beginning. The Court held that the river is the boundary.

Likewise, as stated by *Brown, J.,* in *Wall v. Wall,* 142 N. C., 387, 55 S. E., 283, "There is no rule of common law better settled, and more universally adopted in this country, than that which prescribes that a grant of land bounded in terms by a creek or river not navigable carries the land to the grantee *usque ad filum aquae,* to the middle or thread of the stream." *Wilson v. Forbes,* 13 N. C., 30; *Ingram v. Threadgill,* 14 N. C., 61; *Pugh v. Wheeler,* 19 N. C., 50; *Williams v. Buchanan,* 23 N. C., 535; *Rowe v. Lumber Co.,* 128 N. C., 301, 38 S. E., 896; *Rowe v. Lumber Co.,* 133 N. C., 433, 45 S. E., 830; *Dunlap v. Light Co.,* 212 N. C., 814, 195 S. E., 43.

Applying these principles to the facts of the present case, the calls "to a large burch on the bank of the River," "thence down the angles of the river to the beginning" make the river the boundary, and carry the next to last call to the thread or middle of the stream, and thence down the thread or middle of the stream as it meanders to the beginning.

Defendant contends, however, that the principle cannot apply when the bed of the stream has been previously granted—citing *Williams v. Buchanan, supra.* This contention is apparently based upon the theory that plaintiffs have shown no grant from the State, and that she has shown a grant to her predecessor in title. But, in this contention, appellant loses sight of the fact that title of plaintiffs is admitted to be good and valid to whatever land the description in their deeds covers. This admission presupposes that plaintiffs have an older paper title originating in a grant from the State, or that they have had adverse possession with or without color of title for a sufficient length of time to ripen title, not only as against her but as against the State. Otherwise, the title would not be good and valid.

In the judgment below, we find

No error.