JAMES I. MOORE, MINNIE B. MOORE, MATTIE MOORE TUTEN, WIL-
LIAM THOMAS MOORE, CARNIE MOORE, SYLVESTER MOORE,
THEODORE MOORE, DAVID MOORE AND AUDREY MOORE v. T. C.
WHITLEY,

*and*

W. H. BUTT v. JAMES I. MOORE, MINNIE B. MOORE, MATTIE MOORE
TUTEN, WILLIAM THOMAS MOORE, CARNIE MOORE, SYLVESTER
MOORE, THEODORE MOORE, DAVID MOORE AND AUDREY MOORE.

(Filed 19 September, 1951.)

**1. Reference § 14a—**

Where a party objects to a compulsory reference and thereafter excepts
to numerous findings of the referee, tenders an issue in respect to each,
and demands a jury trial thereon, and excepts to various conclusions of
law by the referee and tenders an issue arising upon the pleadings, such
party has preserved the right to trial by jury.   G.S. 1-189.

**2. Reference § 14d—**

The jury trial upon exceptions to the report of the referee upon the
issues of fact arising on the pleadings is solely upon the written evidence
taken before the referee, but the findings of fact and conclusions of law
of the referee are incompetent as evidence before the jury.

**3. Reference § 14e—**

The trial court must pass upon exceptions to the admission of evidence
by the referee before the question of the competency of such evidence upon
the trial is presented for review.

**4. Trespass to Try Title § 3—**

The fact that the general description of the land as set out in the com-
plaint states that it lies upon the "west side" of a certain creek does not
justify demurrer in plaintiff's action to establish title to land on the east
side of said creek, since plaintiff may nevertheless claim land on the east
side of the creek if it be covered in the specific description as set forth
in the complaint.

**5. Boundaries § 2—**

The specific description in a deed controls the general description and
it is only where the specific description is ambiguous or insufficient or
reference is made to a fuller and more accurate description, that resort
may be had to the general description.

**6. Boundaries § 1—**

While the location of boundaries is a question of fact for the jury, what
are the boundaries is a question of law for the court, it being for the court
to construe its terms as to what land the deed intended to cover, and to
this end the court may correct an inadvertence when it plainly appears
upon the deed itself.

VALENTINE, J., took no part in the consideration or decision of this case.

MOORE *v.* WHITLEY and BUTT *v.* MOORE.

APPEAL by defendant Whitley in the first action, and by plaintiff W. H. Butt in the second, as above entitled, consolidated for trial, from *Burgwyn, Special Judge,* at June Special Term, 1951, of BEAUFORT.

These are two civil actions each for the recovery of land, and of damage for trespass thereon, consolidated for trial.

In the first case, *Moore v. Whitley,* instituted 8 January, 1946, plaintiffs allege in their complaint "that they are the owners in fee simple and in possession of the following described tract of land in Richland Township, Beaufort County, on the south side of Pamlico River and west side of Porter's Creek, known as Noah Dixon land : Beginning at the mouth of the east prong of Deep Branch; running various courses of said east prong, to a pine on the south side of the main road; thence to a long leaf pine, the corner of Sam Lee and others; thence with said Sam Lee's line to a pine standing at the foot of Porter's Creek bridge; thence with various courses of Porter's Creek to the Beginning, containing fifty (50) acres, more or less"; and that defendant Whitley has wrongfully and unlawfully entered upon said land and cut and converted to his own use valuable timber to plaintiffs' damage in specified amount.

Defendant Whitley, answering the above allegations in the Moore complaint, alleges that he is the owner and in possession as tenant in common of an undivided interest in and to a certain tract of land, on the east side of and contiguous to Porter's Creek, specifically described; and denies plaintiffs' title to so much, if any, of the land described in the complaint as laps thereon; and further denies any trespass upon any land belonging to plaintiffs.

In the second, *Butt v. Moore, et al.,* instituted 18 February, 1946, plaintiff Butt alleges in his complaint, that he is the owner of a certain 518 acre tract of land, specifically described, and that the Moores, defendants therein, are trespassing thereon, and cutting and removing timber to his damage in specified amount.

The Moores, defendants in this second action, deny the plaintiff Butt's title in so far and to the extent only that the description set out in Butt's complaint may conflict with, cross or lap upon the lands of the defendants Moore, of same description as that set out in their complaint in the first action, to which they assert ownership and possession, and, hence, they deny trespass on any lands owned by Butt.

At September Term, 1950, upon motion of attorney for Whitley, defendant in first action, and for Butt, plaintiff in the second, the presiding judge entered an order consolidating the two actions for trial, and, finding that the actions involve complicated questions of boundary which required "a personal view of the premises," referred same to a referee therein named and appointed, and directed him to hear the evidence,

examine the premises, and submit report of his findings of fact and conclusions of law separately.

To this order of reference the Moores, plaintiffs in the first action, and defendants in the second, excepted and demanded a jury trial.

The case on appeal states that plaintiffs, the Moores, contend that the land described in their complaint in the first action, and in their answer in the second action, actually lies on the "east" side of Porter's Creek, instead of the "west" side thereof. But the referee, reporting to the court, sets forth, among others, findings of fact that the land so claimed by the Moores is located on the west side of Porter's Creek; that defendant Whitley has not trespassed thereon; that defendant Whitley and his cotenants are the owners in fee and in possession of the land described in his answer; and that Butt is the owner in fee and in possession of the land described in his complaint. And thereupon and in accordance therewith rendered conclusions of law.

The Moores, styling themselves as plaintiffs, filed exceptions to numerous findings of fact set forth in the report of the referee, and tendered an issue in respect to each, and demanded a jury trial thereon. They also except to various of the conclusions of law made by the referee. They also tendered the issue, "Are plaintiffs the owners of the land described in the complaint and in the deed from Caroline P. Bonner to S. J. Moore and the prior deeds connecting the title with Noah Dixon?", and state that this issue arises on the pleadings and is proper and necessary, although no specific finding is directed to that particular question.

The Moores further excepted to various parts of the evidence, admitted by the referee, over their objections, all of which they asked to be examined before reading of the evidence to the jury.

Thereupon, defendant Whitley in the first action, and plaintiff Butt in the second action, by petition, asked that the exceptions so filed by the Moores be stricken out and the report of the referee confirmed, for that such exceptions and tender of issues are not in compliance with the laws of North Carolina as in such cases made and provided for preservation of right to a jury trial.

The court overruled the motion and held as a matter of law that the exceptions are sufficient, and that the Moores, plaintiffs, are entitled to a jury trial and accordingly the cause was set for trial on the exceptions and issues tendered.

Whitley and Butt excepted and appeal to the Supreme Court, and assign error.

*John A. Wilkinson and H. S. Ward for plaintiffs, appellees.*
*Grimes & Grimes for Whitley and Butt, appellants.*

WINBORNE, J.   The sole assignment of error presented for considera-
tion on this appeal challenges the ruling of the court below in holding
that the Moores, plaintiffs, are entitled to a jury trial.   Testing their
exceptions to the referee's report, and their tender of issues, particularly
the issue of title arising on the pleadings, by rules of procedure for pre-
serving right to jury trial in a compulsory reference case, as enunciated
in decisions of this Court, it appears that they meet the requirement
sufficiently to withstand successful attack.   See *Booker v. Highlands,*
198 N.C. 282, 151 S.E. 635; *Brown v. Clement Co.,* 217 N.C. 47, 6 S.E.
2d 842.   See also *Cherry v. Andrews,* 229 N.C. 333, 49 S.E. 2d 641.

A compulsory reference, under provisions of G.S. 1-189, does not de-
prive either party of his constitutional right to a trial by jury of the
issues of fact arising on the pleadings, but such trial is only upon the
written evidence taken before the referee.   And the decisions of this
Court hold that the report of the referee, consisting of his findings of fact
and conclusions of law, are incompetent as evidence before the jury.
*Bradshaw v. Lumber Co.,* 172 N.C. 219, 90 S.E. 146; *Booker v. High-
lands, supra; Cherry v. Andrews, supra.*

Hence, the Moores having properly excepted to the findings of fact and
conclusions of law of the referee and tendered the issue of title raised by
the pleadings, the ruling of the court below is proper.

And it is noted that since the exceptions filed by the Moores to various
portions of the evidence have not been passed upon by the trial court, the
questions as to the competency thereof is not now presented to this Court.

Moreover, the appellants, Whitley and Butt, demur *ore tenus* in this
Court to the complaint of the plaintiffs Moore, in the first action, on the
ground that "the complaint does not state a cause of action for the owner-
ship of any land on the east side of Porter's Creek."   They contend that
the description set out in the complaint expressly locates the land on the
"west" side of Porter's Creek.   On the contrary, the Moores contend that
the specific description in their complaint locates the land on the "east"
side of Porter's Creek, and that the specific description controls the gen-
eral description.

In this connection, the rule is that where there is a particular and a
general description in a deed, the particular description prevails over the
general.   See *Whiteheart v. Grubbs,* 232 N.C. 236, 60 S.E. 2d 101, and
cases there cited.   It is only when the specific description is ambiguous
or insufficient, or the reference is to a fuller and more accurate descrip-
tion, that the general clause is allowed to control or is given significance
in determining the boundaries—also see *Whiteheart v. Grubbs, supra,* and
cases there cited.

Furthermore, what are the boundaries of a deed is a question of law
for the court, where they are, is a question of fact for the jury.   *Scull*

*v. Pruden,* 92 N.C. 168; *Davidson v. Shuler,* 119 N.C. 582, 26 S.E. 340; *Rowe v. Lumber Co.,* 128 N.C. 301, 38 S.E. 896; *Gudger v. White,* 141 N.C. 507, 54 S.E. 386; *Sherrod v. Battle,* 154 N.C. 345, 70 S.E. 834; *Rose v. Franklin,* 216 N.C. 289, 4 S.E. 2d 876; *Huffman v. Pearson,* 222 N.C. 193, 22 S.E. 2d 440; *Kelly v. King,* 225 N.C. 709, 36 S.E. 2d 220; *Lee v. McDonald,* 230 N.C. 517, 53 S.E. 2d 845.

In *Reed v. Shenck,* 14 N.C. 65, in concurring opinion by *Ruffin, J.,* it is declared "a deed is construed by the court, not by the jury. What land by its terms it was intended to cover is just as much a matter of law as what estate it conveys." See *Brown v. Hodges,* 232 N.C. 537, 61 S.E. 2d 603.

Also, the principle is established by an unbroken line of decisions of this Court that "mistake or apparent inconsistency in the description shall not be permitted to disappoint the intent of the parties if the intent appear in the deed." *Mitchell v. Heckstall,* 194 N.C. 269, 139 S.E. 438. See also *Ritter v. Barrett,* 20 N.C. 266; *Cooper v. White,* 46 N.C. 389; *Mizell v. Simmons,* 79 N.C. 182; *Davidson v. Shuler, supra; Wiseman v. Green,* 127 N.C. 288, 37 S.E. 272; *Ipock v. Gaskins,* 161 N.C. 673, 77 S.E. 843; *Williams v. Williams,* 175 N.C. 160, 95 S.E. 157; *Seawell v. Hall,* 185 N.C. 80, 116 S.E. 189.

In *Wiseman v. Green, supra,* it is said that "it seems to be well settled that the court has the right to construe a deed, and, in proper cases, to correct an inadvertence—a 'slip of the pen'—when it plainly appears from the deed itself."

In the light of these principles it is clear that the demurrer *ore tenus* to the complaint should be, and it is hereby overruled. And the judgment from which appeal is taken is

Affirmed.

VALENTINE, J., took no part in the consideration or decision of this case.