GastoN, Judge.
 

 We have not the right to examine, nor the disposition to enquire, whether the verdict of the jury be correct or incorrect. , Our duty confines us to the propriety of the instructions which were given by the judge, and which have been excepted to by the appellant. Although" in the main we approve of these instructions, we think there is one error in them which may have had a material influence upon the jury, and which requires that the judgment be reversed, and a new trial awarded.
 

 The matter in controversy, depended upon the ascertainment of the boundary of the defendant’s grant.— This was described, as “ lying on the north east side of “ Swift creek swamp, or the east prong of said creek, “ beginning
 
 in
 
 the said swamp, on Earl
 
 Granville’s
 
 line, “running with said line, east ninety-six poles to a pine, “ thence south, 40° cast four-hundred poles, then west, “
 
 to
 
 the said swamp, then up the said Swift creek swamp,
 
 *483
 

 «
 
 with the windings thereof to the first station.” His Honor was unquestionably correct in laying it down as a principle in law, that the swamp was a natural ob-joct more certain, and therefore more worthy of reliance than the distances called for In the grant; that this swamp was in law, a boundary of the patent, and that the defendants grant must be extended to it, if the distances would not reach, and restrained by it, if these distances over-reached it. But we arc of opinion, that he erred in pronouncing that if there was a certain and known channel for the water to run in said swamp, the call of the grant was for that run. Whether the run in the boggy and sunken land, or the margin of such boggy and sunken land, veas
 
 the
 
 call of
 
 the grant,
 
 depended upon facts fit
 
 to be
 
 proved, and
 
 proper
 
 to be passed upon by the jury. If when' the grant issued, the low grounds were known as the Swift Creek swamp, and therun or channel was not termed the swamp, but had another appellation, suchas Swift Creek,or east prong, or any other distinctive name, then the call of the grant was for those low grounds, and not far the run. If on the contrary, the run was then known as Swift Creek swamp, and the bottom lands were distinguished from it as the low grounds of that swamp, then indeed, the call was for the run, and not for the low grounds. If each were known by the same appellation, and indiscriminately called Swift Creek swamp, then there were two natural objects, either of which correspond with this call of the grant, and
 
 which
 
 of these was intended, might and ought to be determined by reference to other matters of description in the
 
 grant,
 
 or to extrinsic facts, rendering
 
 the one
 
 or the other more probable.
 

 Per Curiam. — Judgment reversed.