Ruffin, C. J.
 

 Although a savanna may not be as well defined as some other natural objects; yet it cannot be seriously questioned, that it is a natural boundary, in the sense in which that term is used in the construction of deeds. It is a natural open meadow, not uncommon in the lower parts of this State. It is not, indeed, always absolutely in the same state and extent. Yet from the constitution of the soil, or its humidity, or other natural quality, not well understood, there takes place in savannas but little change, and thus they may be considered nearly permanent, unless interfered with by the cult.vator, and that seldom happens as yet, we believe. We think, therefore, that it was properly held, that the line
 
 *313
 
 was to go to the savanna, notwithstanding the distance to contrary; and that it could not stop at C., unless that was in the Savanna. Whether it was or not, was a point for the jury, and was left to them.
 

 The court further instructed the jury, that should the evidence satisfy them, that in 1745 it was savanna at C.,
 
 and that was then made a corner, they should, so find;”
 
 that is, find for the defendant, who contended the corner was at C. according to the course and distance, and the state of the savanna when the land was taken up. It is said that that instruction was erroneous, because the circumstances just mentioned fix that to be the corner, whether the party
 
 actually made
 
 a corner there originally or not. There is certainly an inaccuracy in the language used, and for the reason assigned by the counsel; and, at first, wo thought it might have misled the jury. But upon further consideration, we think it sufficiently plain that it did not. It seems that each of the parties insisted on a particular point as the corner; and, it does not appear, indeed, how it would affect the place of the trespass, if any other point besides C. and G. should be the corner. Nor is it material to the defendant that if C.. was not in the savanna, he was entitled to pursue his course beyond C. until he reach,ed the savanna, provided the court, in summing up, gave him the benefit of the corner’s being supposed to be any where else he chose to place if, in case the plaintiff did not locate it at G. to the satisfaction of the jury. Such, however, was the course of the court on this trial. It would, indeed, have been more satisfactory, if the evidence had been set out, upon which course and distance were disregarded, and G., one point in the savanna, taken in preference to C, another point therein, and, indeed, to all other points therein; because, then it could have been seen affirmatively, that justice had been done. There might, for example, have been a marked line of the proper age, pointing to G., or evidence of its locality in “ the
 
 bottom
 
 of the savanna,” on which the jury might properly have proceeded. If there was no such proof, it is the fault of the defendant that he did not make his exception fuller; for, as we have often said, we can disturb a verdict only when error is
 
 *314
 
 bade
 
 to
 
 appear; We' must suppose there was some evidence, on ^ “ight be left to the jury to say, that G. was the corner actually made;, since no exception is taken to its hav-jng been so left} without any evidence, Then, it is to be noticed, in what terms the court submitted that question to the jury, and informed them of- the effect of their being of opinion that G. wds or was not, in fact, the corner made for the Brinson patent. They are these: “ But if, from the testimony, they believed the line was
 
 then extended
 
 to G., they should fix upon that as the corner; and in
 
 that
 
 event, their verdict should be for the plaintiff;
 
 otherwise for the defend
 
 ant.” Whatever uncertainty might have qrisen upon the first part of the instruction,- to the prejudice of the defendant, is thus taken entirely out of the way. For it was distinctly laid down to the jury, that the plaintiff failed
 
 in
 
 his suit, if he failed to establish G. as the corner made upon the original survey. It was not, therefore, material to the defendant to establish C., on his part; since he-was-declared to be entitled to the verdict, if that or any other point, saving and excepting G. only, was the comer. We must,
 
 therefore,
 
 take it, that G. was proved to be the corner; and that, for that reason, and not merely that the defendant-did not shew that the corner
 
 was made
 
 at C., the verdict was given for the plaintiff. Consequently, the judgment must be affirmed.
 

 Per CuriaM,... Judgment affirmed.