Daniel, J.
 

 Where surveys are made on any navigable water, the water shall form one side of the survey. And any island or islands in any navigable waters may be surveyed and granted.
 
 Rev. Slat. ch. 42, sec.
 
 1. The grant, dated in 1796, under which the plaintiff claimed the land, does not cover any navigable water, whether we are to understand that term in its common law sense, or according to any meaning it has received in this State. The
 
 locus in quo
 
 was, we think, subject to entry and grant. And this action is well brought, for it lies, although
 
 *178
 
 the land is covered by water.
 
 Co. Lit.
 
 4,
 
 Yelver
 
 148.
 
 Secondly,
 
 we are of opinion, that the seven years possession of Terry and those under whom the defendants claim, under a color of title (not being on the
 
 locus in quo
 
 or on that part of the land, where the deeds of the respective parties lap on each other) did not give them a title to any part of the land contained in the lap, as the title of the plaintiff was the elder and better title and extended to the boundaries mentioned in his grant and deeds ; and as no adverse possession interfered with him within the scope of his boundaries.
 
 Carson
 
 v.
 
 Burnett,
 
 1
 
 Dev.
 
 &
 
 Bat.
 
 546. The plaintiff, and those under whom he claims, were never at any time ousted of any portion of their land, so as to be put to their right of entry. The defendant and those under whom he claims had never taken any possession of the land claimed by the plaintiff so that an action of ejectment could have been maintained against him or them. How then can it be contended, that a possession by Terry and the defendants of land, which the plaintiff never claimed or had any title, deeds to cover, could be an actual adverse possession of those lands, or any part of them, lying within the boundaries of the plaintiff’s grant and deeds ? It cannot be so. If the defendants, or those under whom they claim, or either of them, had entered on that part of the land comprised in the lap, and continued in actual adverse possession for seven jmars of that, the plaintiff’s right of entry would have been tolled as to that; and then the defendant’s inferior title to the
 
 lapped
 
 part would have become the better title to that part.
 
 Thirdly,
 
 we think the charge of the Judge was correct upon the third point. The plaintiff was constructively in possession of the
 
 locus in quo,
 
 as he
 
 had the
 
 possession by virtue of the legal title, and the action of trespass
 
 quare clausum fregit
 
 is always brought, to recover damages for any injury to the plaintiff’s possession of lands. 'The unlawful entry of the defendants upon the plain
 
 *179
 
 tiff’s land, and then and there erecting the dam in the year 1836, was an injury to his
 
 then
 
 constructive possession. And although the plaintiff might not have been in possession of the land, either actually or constructively at the time of the issuing of his writ, he nevertheless might well maintain this action, if he was in possession of the
 
 locus
 
 at the time the injury or trespass was first committed by the defendants; for it is the damages sustained by the plaintiff, by the very act of dispossessing him of his land by the defendants, that he now seeks to recover. He was injured in his possession by that very act.
 
 Graham
 
 v.
 
 Houston,
 
 4 Dev. 232. No ulterior profits or damages, it is true, could be recovered, until he regained his possession ; and then the law', by relation, would adjudge him to have been in possession from the first ouster and entitle him to recover damages for all the time the defendants had wrongfully held the lands and kept him out of possession. If a man is dis-seized he may bring trespass against the disseizor, for the
 
 act of disseizin.
 
 2
 
 Rolle’s Ahr.
 
 553.
 
 Co. Lil.
 
 257 (a.)
 
 Com. Dig. Trespass,
 
 B 2.
 
 Roscoe on actions,
 
 663. And, if he re-enter, he may have trespass against the disseizor
 
 or
 
 a stranger, for continuing
 
 in
 
 possession, for by the re-entry he re-vests the possession in "himself,
 
 ab initio. Roscoe on actions,
 
 663, 664, and the cases there cited.
 

 Pbr Curiam. Judgment affirmed.