Battle, J.
 

 There was, we tbinlc, an error in his Honor’s charge, which no doubt misled the jury to the prejudice of the defendant, and which therefore entitles him to a new trial. The difficulty in the case was the proper location of the Greenland Swamp, called for in the grant, and at what point the line, extended from F, should reach it. There were three distinct portions of the same swamp, each of which the parties respectively contended, was the Greenland .Swamp meant in the call of the grant. Which of them was .the true one, was a question of fact for, the jury, to be decided by the weight of testimony in its favor. In ascertaining this fact, the remarks of Judge HendeRSON, in pronouncing the opinion of the Court in the case of Tatem v. Paine, 4 Hawks, 71, with a slight alteration, furnished .them with a proper rule to guide them to a correct conclusion. “ Where natural objects are called for as the
 
 termini,
 
 and course, and distance, and marked lines are also given; the natural objects are the
 
 termini,
 
 and the course, and distance, and marked lines, can only be resorted to by the jury to ascertain -the natural object; they act as pointers to the natural objects. When the natural boundary is unique, or has properties peculiar to itself, these pointers or guides can have but little effect; in fact, I beliéve none.. When there is more than one natural •object in the neighborhood answering the description; that is, having common qualities, then those pointers .or guides may be adverted to, to ascertain where the object called for is, or which is the object designated. They do not, then, contradict or controvert natural boundary; they explain.a latent ambiguity, created by their being more than .one .object which answers the description.”
 

 
 *206
 
 Tbe error in tbe charge, in tbe present case, consisted in giving an undue effect to tbe term “Westwardly.” In tbe call “tbence Westwardly along the said Spruill’s line,” &c., bis Honor held, that when tbe distance of three hundred poles called for in that line, gave out at F, before reaching tbe Greenland Swamp, tbe.line must be extended,first, due West, to ascertain whether a swamp pf that name could be found in that, direction. Now, if each of tbe three parts of tbe swamp above spoken of were proved to have borne that name, then tbe part lying directly West of F, was according to tbe charge, to be taken as tbe one intended, without any regard to tbe other circumstances in tbe case, which, in the estimation of the jury, might otherwise have established another of the three as the object indicated.
 

 The term “ Westwardly,” with nothing to control it, may perhaps mean West or due West, but it is evident that such is not its precise signification, and hence it is readily controlled by any circumstance, which goes to show that a due West course -could not have been intended. Brandt v. Ogden, 1 John’s, 155. Such is the case here. The call is “Westwardly” along the said Spruill’s line.” Now,. Spruill’s line thus called for is not a single straight line running due West, but consists of several lines, as appears by the plat, running sometimes a few degrees to the North, and sometimes a few degrees to the South of a due West course. Its direction at its termination at F, pointing towards those parts of the swamp, the one or the other of which the defendant contends, is the true Greenland Swamp. We can see, then, no more reason why the line should not continue1 on in the same direction, in which it was going at the termination of the distance, in search of the Swamp, as to turn off in a due West course for that purpose. Under all the circumstances of the case, the proper instruction, as it- seems to us, would have been, that the jury should find, if they could, upon the weight of the evidence, taking into
 
 *207
 
 consideration tbe other calls of the grant, which was the Greenland Swamp designated and known as snch at the time when the grant was issued, and that they should fipd that to be the true
 
 terminus
 
 of the line in question. But, if the testimony should be equally strong, to prove that each of the parts of the swamp contended for by the parties,' Was called by that name, at the date of the grant, and there should be nothing else to determine the question, then they must run the line to the nearest of those parts ; and if only two of them were so called, then to the nearest of the two. See Tatem v. Paine & Sawyer, before cited, and Chief Justice Rueein’s opinion in the case of the Literacy Fund v. Clark, 9 Ired. 60.
 

 Per Curiam, The judgment is reversed, and a
 
 venire de novo
 
 awarded.