ROWE v. CAPE FEAR LUMBER CO.

(Filed May 23, 1901.)

BOUNDARIES—*Deeds—Construction—Riparian Rights—Water and Watercourses—Swamps—Trespass.*

> Where a deed calls for points on bank of swamp and thence along the swamp, title of grantee extends no further than banks of swamp.

Action by John W. Rowe and M. V. Dosh against Cape Fear Lumber Company, heard by Judge *Fred. Moore* and a jury, at December Term, 1900, of the Superior Court of Pender County. From a judgment for the defendants, the plaintiffs appealed.

*H. L. Stevens,* for the plaintiffs.
*James O. Carr,* for the defendant.

Furches, C. J.   Action of trespass for cutting timber on Catskin Swamp. The plaintiff claims under a grant from the State dated the 20th December, 1893, which is admitted to cover the swamp, the *locus in quo.* The defendant is the owner of three tracts of land, Nos. 1, 2 and 3, on the east side of said swamp, and one tract on the nothwest side of said swamp. The calls in defendant's deed to tract No. 3 on the

east side are to the "run" of the swamp, and thence with the "run" of the swamp. And plaintiff admits that this deed carries defendant's title to that tract to the *run* of the swamp. But the calls on the other two tracts on the east side are to points on the margin or banks of the swamp, and thence with the swamp. And the tract on the northwest side of the swamp, according to the evidence, commenced on a pine standing on the edge or bank of the swamp about twenty-two rods from the thread or "run" of the swamp; thence various calls and distances to Bear Branch, which empties into Catskin Swamp near its head; thence down the swamp to the beginning corner.

The defendant contends that, being the owner of the land on both sides of the swamp, it is the owner of the entire swamp; that as the calls of its deeds are for the swamp, it is the riparian owner thereof; that its deeds on each side carry its title to the thread or "run" of the swamp, and the State, in 1893, did not own the land conveyed by the grant to plaintiff.

If this contention be correct, the defendant is the owner of the land, and plaintiff is not entitled to recover; while, on the other hand, if this contention of defendant is not correct, as the trespass is admitted, the plaintiff is entitled to recover.

The plaintiff, in substance, asked the Court to charge the jury that, defendant's deeds calling for the edge or banks of the swamp, the banks or edge of the swamp was the boundary of defendant's land; while, on the other hand, the defendant, in substance, asked the Court to charge that the defendant's lines extended to the "run" and did not stop at the edge of the swamp. In fact, the defendant's prayer asked the Court to charge that if they found that the defendant's calls were to the swamp and thence with the "run" of the swamp to the first station, they would find the "run," and not the banks of the swamp, to be the defendant's boundary line. This prayer

was given, though none of defendant's deeds called for the *run* of the swamp, except those of No. 3 on the east side of the swamp. And plaintiff admitted defendant's claim to that tract. The charge was erroneous on this account. But we prefer to put our judgment on the merits rather than this technical error.

While there may be some authorities found to the contrary, the general rule is that what are the boundaries is a question of law for the Court, and where the boundaries are is a question of fact for the jury. This is well-settled law in this State. *Scull v. Pruden,* 92 N. C., 168; *Burnett v. Thompson,* 35 N. C., 379; *Clark v. Wagoner,* 70 N. C., 706. So, it was the duty of the Court to instruct the jury what were the defendant's boundaries—whether they were the banks of the swamp, or the center or "run" of the swamp. This the Court did, and told the jury that it was the "run."

It is the undoubted rule that where the calls in a deed are to and along the banks of a non-navigable river or creek, this takes the title to the middle of the stream. State v. Glenn, 52 N. C., 321; *Smith v. Ingram,* 29 N. C., 175; *Williams v. Buchanan,* 23 N. C., 535. But this is where a creek or river, or *stream of water,* is called for—where there is nothing but water, and the bed of the river or other stream is not susceptible of being put to any other use, except to confine or carry the water of the stream.

But does this fiction of the common law, that carries the riparian owner's title to the thread of the stream, obtain in cases like this, where the call is to a *swamp,* and thence *along the swamp?* We do not find authority for such construction; and it seems to us that the conditions are so different as not to justify such construction by analogy.

It is true that swamps have their banks which divide the swamp from dry land. But these are not the banks of the thread, which may be found in most of swamps, and, from the

evidence, seem to have been found in this swamp. This filum or thread (though it may be shallow) also has banks, which of itself shows that the banks of the swamp are not the banks of this "run." If the calls of the run of Catskin Swamp were the calls of the deeds, we think defendant's title would have gone to the middle, or to the "run." The swamp does not flow; it is only the run that flows.

But besides this reason, which, it seems to us, distinguishes the calls to a swamp from the calls to a river or other stream of water, it is capable of being domesticated. It is often valuable for pasturage, or for its timber, as it seems that this swamp is. And in many instances they may be drained, and in fact are drained, and put into a high state of cultivation. In many instances the swamps of Eastern North Carolina are more than a mile wide, and are becoming (for their timber and other purposes) the most valuable portion of the uncleared lands of that section of the State. And if the contention of the defendant is true, all a man has to do to become the owner of these valuable swamps is to acquire a slip of dry land on their borders, and take possession of the whole swamp. We do not think this can be so. And while we have not been able to find authorities directly in point, we think *Burnett v. Thompson, supra, Brooks v. Britt,* 15 N. C., 481, *Stapleford v. Brinson,* 24 N. C., 311, Angel on Watercourses, section 18, Gould on Waters, section 45, tend to sustain the views we have taken— that a call to a swamp, and along a swamp, *only goes to the swamp.*

It being seen that the defendant has no color of title to this swamp, its claim of title by possession must fail. Indeed, the question of possession is out of the case. For if defendant's contention had been sustained, then it would have had the legal title, and it would not be necessary to rely on possession.

But as defendant has no color of title, that is, its titles to

the dry land, when there has been possession, not extending to the swamp, the possession under the defendant's deeds can avail it nothing.

And, outside of this possession, there has been in law no possession. The occasional getting boards and shingles in this swamp were no more than trespasses, and did not amount to possession.

There was error in the Court's instructing the jury that the "run" was defendant's boundary, when the jury should have been instructed that the *banks* of the swamp were defendant's boundaries. For this error there must be a

New trial.