ROWE v. CAPE FEAR LUMBER CO.

(Filed October 15, 1901.)

TRESPASS—*Grant.*

Where a deed takes title to land out of the State, the plaintiff can not recover against defendant under a subsequent grant from the State.

PETITION to rehear. Modified. For former opinion see 128 N. C., 301.

*Rountree & Carr,* for the petitioner.
*Stevens, Beasley & Weeks,* in opposition.

FURCHES, C. J. This case was before us at the last term of the Court (reported in 128 N. C., 301), and is here again on a petition to rehear.

Upon the argument, the defendant abandoned its claims to a rehearing as to the two tracts on the southeast side of Catskin Swamp, and the only question now before us is as to whether the defendant is entitled to a rehearing as to the tract lying on the north side of Catskin, and we think it is.

It was not contended in the petition, nor in the argument, that there were errors in the principles or statements of law contained in the former opinion. But it was contended that a deed from Alexander Casteen to Ezekiel Chadwick, dated December 1, 1859, had been overlooked, which would have changed the judgment of the Court as to the tract on the north side of the swamp; and this is so.

This deed calls for the *run* of the swamp, while the deed from Chadwick to the defendant does not. These deeds are not set out in full in the record, but simply by dates and boundaries, preceded and followed by much oral evidence—

7——129

the deed to the plaintiff being on the eighteenth page, and the deed from Casteer to Chadwick being on the twenty-fourth page of the record. In this way the last-mentioned deed was overlooked by the Court. This deed does not put the title to the land in the defendant, but it takes the title out of the State. And the State having no title to this land in 1893, at the date of plaintiff's grant, he got no title; and as the plaintiff had to recover upon the strength of his own title and not on the weakness of the defendant's title, he must fail as to the tract north of the *run*.

Therefore, without changing or modifying any principle of law enunciated in our opinion at the last term of Court, the judgment then rendered is modified, on account of the oversight of the deed from Casteen to Chadwick, to the extent of declaring error as to that part of the land sued for on the north side of the swamp. And the petition to re-hear is allowed as to the tract on the north side of the swamp, but not as to the other tracts. Costs of rehearing to be divided equally between plaintiff and defendant.