## STEWART v. KEENER.

(Filed December 16, 1902.)

1. GRANTS—*Priority—Title—Public Lands—Ejectment.*

Where there are two grants by the State, covering the same land, the second conveys no title.

2. LANDLORD AND TENANT—*Sub-tenant—Estoppel—Ejectment.*

A sub-tenant while in possession of land is estopped to deny the title of the landlord.

3. EVIDENCE—*Sufficiency—Landlord and Tenant—Ejectment.*

The evidence in this case is sufficient to support a verdict that the defendant did not enter the premises as a sub-tenant of the plaintiff.

ACTION by Henry Stewart against Benj. Keener and others, heard by Judge *Frederick Moore* and a jury, at Spring Term, 1902, of the Superior Court of MACON County. From a judgment for the defendants, the plaintiff appealed.

*J. F. Ray,* for the plaintiff.
*H. T. Robertson,* for the defendants.

STEWART *v.* KEENER.

FURCHES, C. J.   This is an action of ejectment, in which the plaintiff undertakes to derive his title from a grant of the State to K. Elias and others, dated February 19, 1883, and mesne conveyances from said grantees to himself; and also upon the ground that the defendants are his tenants, and are thereby estopped to deny his title.   The defendants denied the tenancy and the plaintiff's title and right to recover. And for the purpose of showing that the plaintiff had no title, the defendants introduced a grant to Jackson Johnson, dated in 1856, which was shown to cover the land in controversy.

This being so, the plaintiff derives no title under the grant to Elias and others, and mesne conveyances therefor; for the reason that the State having granted the land to Johnson in 1856, it had no title to convey to Elias and others in 1883. *Rowe v. Lumber Co.,* 129 N. C., 97.

It is a rule of law that, if one enters upon and takes possession of land as the tenant of another, he is estopped to deny the title of his lessor while he remains in possession.   And any one entering and taking possession under the tenant, so let into possession, becomes the tenant of the original lessor, and is also estopped to deny his title.   *Conwell v. Mann,* 100 N. C., 234; *Bonds v. Smith,* 106 N. C., 553, and cases cited.

It seems to be conceded that Andy Webb entered as a tenant of the plaintiff's assignors, and when he left the premises the defendant Ben Keener entered and took possession, and it is contended by the plaintiff that he did so by reason of an understanding and agreement with Andy Webb that he should do so.   And this being so, Keener became the tenant of the plaintiff and is estopped to deny the plaintiff's title.   The contention of the plaintiff states the law correctly, and presents the question of fact for the jury.   The plaintiff, for the purpose of establishing this fact, introduced the defendant Keener as a witness, who testified that he was the tenant of

Frame; that he leased from Frame; that the lease was in writing, and he entered under the written lease; that Webb moved out the same day he moved in, "but he never said anything to Webb about his moving there; he made no arrangement with Webb about moving there."

This evidence was offered by the plaintiff, and seems to be all the evidence in the case as to how Keener got possession, and seems strongly to disprove plaintiff's contention that Keener took possession under an agreement with Webb, or under a collusive arrangement between him and Webb.

But this question was left with the jury fairly and fully in the charge of the Judge, and they found that issue for the defendants. This covers all the exceptions discussed in the defendant's brief, and seems to be the only exception necessary to discuss. We see no error.

Affirmed.