## ROWE v. LUMBER CO.

### (Filed May 23, 1905.)

1. What are the boundaries of a grant or deed is a matter of law; where those boundaries are is a matter of fact.

2. Where a deed calls for a creek by name, nothing else appearing, the call must go to the running stream and when neither the side line or bank, nor the middle line is expressed, the conclusion of law is that the channel or middle line is intended.

3. Where a deed calls for "Catskin Creek" and there is evidence tend-ing to show that the term was used as descriptive of Catskin Swamp, the jury must say upon the evidence what was intended, and if the swamp, whether the call stopped at its edge or ex-tended to the run.

ACTION by J. W. Rowe and another against the Cape Fear Lumber Company, heard by *Judge Fred Moore* and a jury, at the September Term, 1904, of the Superior Court of PEN-DER County. From a judgment for the plaintiffs the defend-ant appealed.

*Stevens, Beasley & Weeks,* and *J. D. Kerr* for the plaintiffs.

*Rountree & Carr* for the defendant.

Walker, J.   What are the termini or boundaries of a grant or deed, is a matter of law; where those boundaries or termini are is a matter of fact.   This is the general rule. When therefore a creek is called for by name, as Catskin Creek, nothing else appearing, the call must go to the running stream and, when neither the side line or bank, nor the middle line, is expressed, the conclusion of law is, that the channel or middle line (*filum aquae*) is intended.   This rule applies when the natural object is unique or has properties or characteristics peculiar to itself and which admit of its easy and certain identification, as a creek or river.   There is then no ambiguity in the call and resort to oral evidence is not necessary in order to fit the description to the thing. But when, as in this case, "Catskin Creek" is called for and there is evidence tending to show that the term was used as descriptive of Catskin Swamp, it is for the jury to say upon that evidence what was intended.   *Spruill v. Davenport,* 46 N. C., 203; *Toole v. Peterson,* 31 N. C., 180; Tyler on Boundaries (1876) p. 297.   If Catskin Swamp was really called for then the case is brought within the principle of *Brooks v. Britt,* 15 N. C., 481, and the jury should further determine whether the call stopped at the edge of the swamp or extended to the run, as held by us in a former appeal.   *Rowe v. Lumber Co.,* 133 N. C., 433.   There was oral evidence in this case and expressions in some of the deeds which tended to show that Catskin Swamp was known as Catskin, Catskin Creek, Merrick's Creek and Catskin Branch, these terms being used interchangeably to describe Catskin Swamp, that is, the run and the low and boggy land on either side of it. In this state of the proof, it was for the jury to say what was meant.

We have examined the record carefully and considered it in the light of the arguments of counsel and of the authorities and we have not been able to discover any reversible error committed by the court below. His Honor seems to have given a correct interpretation to our former decisions in the case and to have applied to the facts the law as therein and as herein declared. No error has been shown in the other rulings sufficient to induce us to disturb the judgment. The motion to set aside the verdict for misconduct of the jury is denied.

No error.