Civil action to recover land, and for damages on account of trespass thereon.
Plaintiffs allege in their complaint that they are the owners in fee simple of two certain tracts of land in Windsor Township, Bertie County, the second tract of which is described as follows: "Beginning at Benjamin Raynor's back gate (as of 1892) on the path leading to where Watson Tayloe lived and died, and running said path to the branch; thence down the branch to Cashie Swamp; thence up said swamp to the Benjamin Raynor line, thence with said line to the Beginning, containing 150 acres more or less, being a part of the Joanna S. Tayloe land"; and that defendants have wrongfully and unlawfully entered, and trespassed, upon the land, cutting valuable timber therefrom, etc.
Defendants, answering, aver, among other things, "That it is admitted the plaintiffs own title to the Benjamin Raynor lands, which are more particularly described in the Benjamin Raynor land division of record in Book 172 at page 126, et seq., Bertie County Public Registry," and *Page 334 
they aver their contention as to the location of the line of the Benjamin Raynor land all as designated on a plot of said division, which line adjoins the Watson Tayloe heirs land, and that defendants are the owners, and were cutting the timber upon the Watson Tayloe land at the time of the institution of this action. But defendants deny any trespass on lands of plaintiffs.
At the August Term, 1946, the court, finding from the pleadings that a boundary dispute is involved in the action, and being of opinion that the matter should be referred to a referee, as provided by law, entered an order of compulsory reference, — naming John H. Hall, Esq., of Elizabeth City, North Carolina, as referee, to hear the evidence of both parties, find the facts from the evidence and report his conclusions of law thereon. To this order both plaintiffs and defendants excepted, and demanded a jury trial upon the issues arising in this action.
When the case came on for hearing before the referee plaintiffs formally admitted "that if, either as a matter of law or as a mixed question of law and fact, the calls in the deeds in their chain of title, do not carry to the run of Cashie Swamp and thence up said run, then they are not entitled to recover herein."
The referee, reporting to the court, states that upon the hearing this action resolved itself into one to determine the true dividing line between the lands of the plaintiffs, and those of Mrs. Gladys W. Tayloe, under whom defendants hold a timber deed, etc., finding as a fact, summarily stated, that the parties to this action claim from a common source of title, to wit: Watson Tayloe, — the plaintiff by inheritance and mesne
conveyance from Benjamin Raynor, to whom in 1892 a deed was made pursuant to foreclosure of a mortgage dated 1890, from Watson Tayloe to William J. Myers, mortgagee; and Mrs. Gladys W. Tayloe, under the will of Watson Tayloe, probated in 1920.
Among other things the referee further found as facts: That the lands in controversy in this action are swamp lands; that there is a well defined line of demarcation between the highland and the swamp; that there is some appreciable evidence of a branch extending from said point A (in red), which point is in the run of a branch, to the run of Cashie Swamp; that the call in the aforesaid mortgage deed, "thence down the branch to Cashie Swamp" has as its northern terminus the run of Cashie Swamp; and the call or boundary in said mortgage deed, "thence up said swamp," etc., is the run of said Cashie Swamp; that the heirs of Benjamin Raynor, by the said land division, "did not have a division of all the lands of which the said Benjamin Raynor died seized and possessed by virtue of the aforesaid conveyance from Watson Tayloe" and that defendants have cut timber from the lands in controversy to the damage of plaintiffs, etc. *Page 335 
Defendants, again excepting to the order of reference, filed numerous exceptions to the report of the referee, and tendered issues and demanded a jury trial "upon said issues raised by the exceptions." Plaintiffs thereafter moved the Superior Court (1) to overrule the exceptions of defendants, and (2) for judgment confirming the report. At a subsequent term the court overruled plaintiffs' motions. Plaintiffs excepted.
And when the case came on for hearing at the May Term, 1948, a jury being impaneled and the record explained and debated, the trial court entered judgment of nonsuit, predicated upon the premises that "counsel for plaintiffs admitted in court that if the description in the deed from Myers, mortgagee, to Benjamin Raynor does not extend from red letter A on the map sent by the referee with the report, on to the run of Cashie Swamp, the plaintiffs could not recover . . . and it being admitted by parties plaintiffs and defendants that Cashie River is a non-navigable stream, and the court having considered the report, exceptions and the evidence bearing upon the sole question involved as to the proper location of plaintiffs' lines, and the court being of the opinion upon the record and admissions made in court that plaintiffs are not entitled to recover."
Plaintiffs appeal therefrom to Supreme Court and assign error.
While there are two tracts of land described in plaintiffs' complaint as the subject of this action, the location of the lines of the second tract only are in dispute here. And the answer to this question is determinative of this appeal: Did the court err in holding as a matter of law that the description of this second tract of land in the deed under which plaintiffs claim terminates at the edge of Cashie Swamp? We hold that the ruling is erroneous.
In the light of applicable principles of law declared in the case ofRowe v. Lumber Co., 133 N.C. 433, 45 S.E. 830, particularly in respect to the "Watkins 50-acre tract," and again in same case reported in138 N.C. 465, 50 S.E. 848, in which Brooks v. Britt, 15 N.C. 481, is cited with approval, it would seem that whether the call "thence down the branch to Cashie Swamp" terminates at the edge of the swamp or extends on to the run of it, involves a matter of fact to be found by the jury upon the evidence offered.
However, testing the exceptions to the referee's report filed by defendants, and their tender of issues by rules of procedure for preserving right to jury trial in a compulsory reference case, as enunciated in decisions of this Court, it appears that they meet the requirement sufficiently to *Page 336 
withstand successful attack. See Booker v. Highlands, 198 N.C. 282,151 S.E. 635; Brown v. Clement Co., 217 N.C. 47, 6 S.E.2d 842.
For error pointed out, the judgment of nonsuit entered below is
Reversed.